## JOHNSON v. SHERMAN et al.

In this State a mortgagee of a term in possession is not liable as assignee upon the covenants of the lease.

A mortgage is a mere security, and does not vest in the mortgagee any estate in the land, either before or after condition broken.   Payment after default operates to discharge the lien equally with payment at the maturity of the debt.

Nor does possession under the mortgage affect the nature of the mortgagee's interest; it does not change the relation of debtor and creditor, or impair the estate of the mortgagor, but leaves the rights and interests of the parties exactly as they existed previously.

Possession taken by the consent of the owner, or by contract with him, may confer rights as against third parties, but they are independent and distinct from any rights springing from the mortgage, from which they derive no support.

The law of England and New York upon these points stated.   Parol evidence is admissible to show that a conveyance or assignment, absolute on its face, was intended as a mortgage.

The assignee of a lease may discharge himself from all liability under the covenants of the lease, by assigning over; and the assignment over may be to a beggar, a *femme covert*, or a person on the eve of quitting the country forever, provided the assignment be executed before his departure; and even though a premium is given as an inducement to accept the transfer.

APPEAL from the Fourth District.

For facts see opinion.   The suit is against Sherman, Jeffries, and the various tenants in possession of the premises.   Sherman and Jeffries alone answered.   The Court below, in addition to the judgment for possession of the premises, etc., as stated in the conclusion of the opinion of this Court, gave personal judgment against Sherman for rents, from and after the second assignment to him in March, 1855, till the assignment by him to Jeffries in August following; and also a personal judgment against Sherman and Jeffries for rents received from the date of the assignment to the latter, to the commencement of this suit, holding this last assignment to be merely colorable.

Defendants appeal.

*S. M. Bowman & Jos. G. Baldwin*, for Appellants.

I. Parol evidence is admissible to show that a paper purporting to be an absolute assignment, was in fact intended to convey a less estate. (4 Kent, 145–6; *Quackenboss* v. *Clark*, 12 Wend. 556; *Armstrong* v.

Johnson *v.* Sherman.

*Wheeler,* 9 Cow. 88 ; *Calvert* v. *Bradley,* 16 How. 593.) The only exception to the rule is where strangers to the contract are induced to deal with the apparent assignee or grantee, who are ignorant of the parol agreement, and are deceived by the apparent state of things. (14 Wend. 67.)

II. Sherman is not liable for rents on the covenants of the original lease, during the time he received the rents from the tenants of Brown and Keyser. He was not a mortgagee in possession.

III. Sherman is not liable for rents collected by Jeffries after the assignment to him. (Taylor's Landlord and Tenant, secs. 452, 453, and cases cited.)

*C. H. S. Williams,* for Respondent.

I. Parol evidence is not admissible to show that the assignment to Sherman was intended as a mortgage. (*Lee* v. *Evans,* 8 Cal. 424.) Sherman is estopped as against persons other than Brown and Keyser, from insisting that the assignment was even a mortgage. (*Porter* v. *Mayfield,* 21 Penn. 263 ; 9 Cow. 90.)

II. If the Court conclude Sherman to be a mortgagee of the lease, then, as assignee by way of mortgage, he is, at common law, liable on the covenants to pay rent without taking possession. (*Williams* v. *Bosanquet,* 1 Brod. & Bing. 238 ; 5 Eng. C. and L. 609 ; *Lucas* v. *Cumerford,* 1 Vesey, 235 ; 2 Vernon, 374 ; Woodfall, ch. 3, sec. 15 ; *Calvert* v. *Brady,* 16 How. 580-593.) The common law is the rule of decision here, (Comp. L. 186) and the statute means the common law of England. (*Johnson* v. *Fall,* 6 Cal. 359.)

III. At all events, Sherman, by taking possession in April, 1855, assumed the lease with all its covenants from the date, and according to the terms of the first assignment. (*Blake* v. *Saunderson,* 1 Gray, 332–335.)

IV. The assignment to Jeffries was made for the purpose of discharging Sherman from liability for rent, and at the same time secretly reserved the control of the estate and enjoyment of the profits, and is therefore void, because it is not a real assignment.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

In May, 1854, Naglee and Sharp, as trustees of John and Mary Ellig, by indenture, leased to Brown and Keyser certain premises, sit-

Johnson v. Sherman.

uated within the city of San Francisco, for the term of ten years, at the monthly rent of seven hundred and fifty dollars, payable each month in advance, the lessees on their part covenanting to pay the rent, and all taxes and assessments upon the premises, and to erect brick buildings thereon. The lease was accompanied with a proviso that in case any rent due should remain unpaid for the period of thirty days, the whole amount of the rent for the unexpired term should at once become due and payable. Under the lease, Brown and Keyser entered, and in pursuance of their covenants proceeded to erect brick buildings, and after the expenditure of over thirty thousand dollars, finding it necessary to obtain funds to complete the buildings, applied, in November, 1854, to Lucas, Turner & Co., for a loan of five thousand dollars. The loan was made, and their notes given, and as security for the payment of the notes, they executed to the defendant, Sherman, one of the partners of said firm, an assignment of the leasehold interest in the premises. These notes were paid at their maturity, and in March, 1855, an additional loan of five thousand dollars was effected, and new notes were given, and as security for their payment, a new assignment was executed to Sherman. Under the first assignment no possession was taken by Sherman of the leasehold premises, but under the second, and from its date, the tenants attorned to him. No rent was paid to the lessors after the execution of the first assignment. Whilst in possession, Sherman was sued for the rent of the entire remainder of the term—eighty thousand dollars—upon that clause of the lease which provides that such rent should at once become due and payable in case any rent due should remain unpaid for the period of thirty days. To free himself from annoyance and litigation, he made, in August, 1855, an assignment of his interest in the premises, to Jeffries, who is represented to have been a pauper and a servant of his lawyer, Bowman. Subsequent to this period, he never received in person any of the rents of the property, but such as were collected were deposited in the bank of Lucas, Turner & Co., to the credit of Jeffries, and, as appears by the testimony, were subsequently drawn out by the checks of Jeffries, with the exception of a balance of a few dollars.

In a suit brought by Mary Ellig, to obtain an account from Naglee and Sharp, as trustees, and a surrender of the trust estate, the plaintiff was appointed receiver and authorized to institute the present suit. The object of this suit is to recover possession of the premises and the rents, for which the lease stipulated, subsequent to the first assignment

to Sherman. It is a suit ostensibly for equitable relief, and the ground of the equitable interposition of the Court rests upon the alleged simulated and fictitious assignment to Jeffries, in August, 1855. Aside from this allegation, the facts set forth in the complaint disclose only causes of action perfectly cognizable at law—a claim to the premises, and a claim for back rents. The essential allegation, upon which the whole equitable relief is sought, is fully controverted by the answer, and is wholly unsupported by the proofs. Even if Sherman were liable as assignee upon the covenants of the lease—as he was not, as will hereafter appear—his liability ceased with the assignment, and it is of no consequence whether Jeffries was a pauper or the servant of Bowman or not. Sherman had a right to make the assignment to him, or to a married woman, or to a person leaving the State, or to a prisoner. He had a right even to pay a party a bonus for accepting the assignment. (2 Platt on Leases, 416.) " An assignee," says Taylor, in his work on the law of Landlord and Tenant, " may discharge himself from all liability for subsequent breaches, both as regards the rent and other covenants, by assigning over; even though it be done for the express purpose of getting rid of his responsibility, and although the second assignee neither takes possession nor receives the lease, as for instance to a beggar; a *femme covert*, or a person who is on the eve of quitting the country forever, provided the assignment be executed before his departure; and even although the assignee receive from the assignor a premium as an inducement to accept the transfer." (Sec. 452.)

Whilst Sherman was in possession, he was sued, as we have stated, for the rent of the entire remainder of the term, eighty thousand dollars. Alarmed at the prospect of being ruined by his acceptance of the assignment of the lease, though intended only as security for a loan of five thousand dollars, advanced by the firm of which he was a member, he naturally looked around for some means to free himself from responsibility. Ascertaining that the law authorized him to assign over, even to a beggar, he found in Jeffries a convenient person to take the lease off his hands, and to him he made the assignment. His conduct was the dictate of common prudence, such as any man in his senses would have pursued. He is not connected with the receipt of any rent after the date of the assignment. It is true that Bowman was the attorney of Sherman, and was also the attorney of Jeffries, but the assertion for that reason of the responsibility of Sherman for moneys

received by Jeffries, is simply absurd.   Nor is there anything in the fact that the money collected as rents by Jeffries, was deposited in the bank of Lucas, Turner & Co.   Jeffries retained the same control over it as previously, and by his checks it was subsequently drawn out, with the exception of a trifling amount.

Since the assignment to Jeffries, Sherman has not had or assumed to have any possession of the premises—or to exercise any control over them.   So far then as their recovery is concerned, the action must stand as one brought simply against the tenants, and the claim against Sherman for the back rents is an independent matter, resting solely upon the assignment to him.   It is evident that had the complaint been, what it becomes, when stript of the allegations as to the assignment to Jeffries, it would have been demurrable for misjoinder of causes of action.   The parties have, however, waived all objections to the form in which the recovery is sought.   They even consented on the oral argument to allow the judgment for the premises to stand.   The objection taken is to the claim against Sherman.   No recovery was had for the rents for the period intervening between the first and the second assignment, but the Court below held him liable for the rents from the date of his possession in March, 1855, and for the actual rents collected after the assignment to Jeffries.   The latter claim for the rents after assignment it is unnecessary to notice.   It is clear after what we have already said, that no liability for them ever attached to Sherman.   The question then is this : Is Sherman liable for the rents from the date of his possession in March, 1855, to the date of his assignment to Jeffries in August following?   The evidence discloses that this assignment was taken as security for the loan of five thousand dollars.   All the parties admit that this was its object.   Sherman so alleges under oath in his answer.   Brown testifies to the same thing.   The lessors were aware of the character of the transaction, and were not, therefore, in a position to assert rights founded upon the absolute form of the instrument. The admissibility of parol evidence to show that a conveyance, or assignment absolute upon its face was intended as a mortgage, is no longer an open question in this State.   After some fluctuation of opinion on the subject, it has been finally and definitively settled.   Such evidence is admissible, not to vary the language of the instrument, but to explain the character of the transaction ; not to ascertain the meaning of the terms of the instrument, but to show the purposes for which the instrument itself was executed.   (See *Pierce* v. *Robinson*, 13 Cal. 116.)

The assignment is then to be treated, though absolute on its face, as in fact a mortgage, and the question of law thus presented is whether, as mortgagee of the term in possession, Sherman was liable upon the covenants of the lease. In England there is no doubt that he would be held liable. There a mortgage is in fact, and not merely in form, a conveyance of the estate, vesting in the mortgagee a title to the premises defeasible until condition broken, but absolute afterward. The covenants of the lease running with the land, their performance of course devolves upon the assignee, whether the assignment be taken as security or by way of purchase. (*Williams* v. *Bosanquet*, 1 Brod. and Bing. 72.) In New York, where a mortgage is treated as a mere security, the legal title remaining in the mortgagor, the mortgagee out of possession is not bound as assignee, but in possession he is liable as such. The possession is there considered as in some respect affecting the title. In *Astor* v. *Hoyt*, (5 Wend. 603) there was a mortgage of a term, and the Court held that the mortgagor was the owner of the property mortgaged against all the world, subject to the lien of the mortgage, and therefore a mortgagee out of possession could not be considered as assignee ; but that in possession a mortgagee held all the estate of the mortgagor, and therefore took his place and was liable as assignee. "To recover against an assignee of the lessee," said the Court, "it must be averred and proved that all the right, title and interest of the lessee passed by assignment to the assignee. After these decisions, (referring to previous decisions cited) can we say that all the right, title and interest of the mortgagor has passed to the mortgagee out of possession ? So far from it, we hold that the mortgagee, before foreclosure or the commencement of proceedings to foreclose, has but a chattel interest. It is perfectly clear, therefore, that a mortgagee of a term out of possession is not in this State to be considered the assignee. In England there must be a reconveyance or reassignment; so says the Court in *Williams* v. *Bosanquet.* Here that is not necessary ; the transfer of the debt transfers the mortgage ; payment extinguishes a lien and so does a tender. But if a mortgagee takes possession of the mortgaged premises lawfully, he must be then considered assignee, and the assignee must take the estate *cum onere.* When the mortgagee takes possession, he then has all the right, title and interest of the mortgagor ; then he acquires and the mortgagor loses an estate liable to be sold on execution. He is therefore substituted in the place of the mortgagor, who was lessee, and therefore is assignee and

liable as such." In *Walton* v. *Cronly's Administrator*, (14 Wend. 63) the action was brought for the recovery of rent due upon a lease executed by the plaintiff to one Dillon, who had assigned the lease to Cronly, the intestate, but remained in possession of the premises. The assignment, as in the case at bar, was absolute upon its face, but was proved by parol evidence to have been intended as a security, by way of mortgage, for a preëxisting debt. The Court held, on the authority of *Astor* v. *Hoyt*, cited above, that a mortgagee out of possession was not liable for rent; and further, that the parol evidence was admissible, not only as between the parties to the instrument, but where third persons were concerned, if no trust or confidence had been reposed upon the absolute form of the instrument, and they had not been thereby misled.

In this State a mortgage is regarded as a mere security, and not as a conveyance vesting in the mortgagee any estate in the land either before or after condition broken. As a security for a debt, default in the payment does not change its character. Payment after default operates to discharge the lien equally with payment at the maturity of the debt. (Act concerning Conveyances, sec. 40.) Nor can possession under the mortgage affect the nature of the mortgagee's interest; it does not abridge or enlarge his interest, or convert what was previously a security into a seizin of the freehold; it does not change the relation of creditor and debtor, or impair the estate of the mortgagor, but leaves the rights and interests of the parties exactly as they existed previously. Possession taken by consent of the owner, or by contract with him, may confer rights as against third parties, but they are independent and distinct from any rights springing from the mortgage, from which they derive no support. In thus holding we only carry the doctrine that a mortgage is a mere security for a debt to its legitimate and logical result. (*McMillan* v. *Richards*, 9 Cal. 411; *Naglee* v. *Macy*, Id. 428.)

In England, as we have before stated, a mortgagee of a term out of possession is liable as assignee, because he is by the mortgage invested with the entire estate. In New York, he is only liable when in possession, because until then, he has a mere chattel interest, but is held liable after possession taken, because then he is considered as having the title of the mortgagor. In this State, he is not regarded as ever having the title of the mortgagor, until judicial foreclosure and sale. The title remains with the mortgagor whether possession be taken, or otherwise.

We only proceed, therefore, one step beyond the New York cases—following the same course of reasoning—when we hold, as we do, that a mortgagee of a term in possession is not liable as assignee upon the the covenants of a lease. It follows, that the personal judgment against Sherman is without legal support. As mortgagee he had a perfect right to make such disposition of his security as he thought proper, to assign it to Jeffries, or any other person, with or without consideration.

Nor is there any hardship upon the lessors, in the conclusion to which we have arrived. They could, at once, have proceeded against the lessess, Brown and Keyser, for the monthly rent stipulated, and have brought their action for a forfeiture of the lease, and a recovery of the premises. If they neglected to pursue the remedies afforded by the law, the consequences cannot be thrown upon Sherman.

The judgment of the Court below, declaring a forfeiture of the lease, and directing a surrender of the possession of the premises to the plaintiff, free from all claims and demands upon the same, and all the provisions and covenants of the lease, must, upon the consent made on the argument, be affirmed, but in all other respects, the judgment must be reversed; and it is so ordered.

BALDWIN, J., having been counsel for the appellants, did not sit in the case.