[No. 1270. Decided January 3, 1895.]

H. L. TIBBALS, SR., *Appellant, v.* JOHN IFFLAND, *Respondent.*

LANDLORD AND TENANT—ACTION FOR RENT—EVIDENCE—ASSIGNMENT OF LEASE—PAROL PROOF OF CONTENTS—REGISTRATION —EFFECT OF ASSIGNEE'S ASSIGNMENT—CONSENT OF WIFE.

In an action for the recovery of rent brought by the lessor against an assignee of the lease, who sets up the defense that he has re-assigned the lease to another, evidence is admissible on the part of defendant showing what he did with the lease and the premises therein described, as a preliminary to proof of the assignment.

Where a foundation has been laid for the introduction of secondary evidence as to the contents of a written assignment of a lease, and testimony has been given by a witness in regard thereto, it is not error to permit him to show what lease the assignment purported to assign.

In an action for rent under a lease which the complaint admits has been assigned to defendant, an interrogatory on cross examination of the defendant as to what his object was in getting the lease is immaterial.

In such an action, after an attorney and witness for defendant has testified as to the preparation of the assignment of the lease from defendant to another person, it is error, but not prejudicial, for the

court to sustain an objection to the plaintiff's question as to whether the assignment was not a scheme on the witness's part to get defendant rid of the lease.

Secondary evidence of the contents of a written assignment of a lease is admissible when the defendant has shown that he delivered it and the premises to the assignee, who shortly afterward left the city, and that the defendant did not know the whereabouts of the assignee, but had addressed letters to places where he had reason to think he might be found, asking him for the assignment.

The statutes of this state do not require the recording of assignments of leases.

The assignee of a lease may re-assign the lease to any other person for the purpose of ridding himself of liability thereunder, without the giving of notice to the lessor.

Testimony offered to show diligence in producing a written instrument, as foundation for the introduction of secondary evidence of its contents, is directed to the court and not to the jury.

A married man can make a valid assignment of a lease without the consent of his wife.

*Appeal from Superior Court, Jefferson County.*

*Smith & Felger* and *Trumbull & Trumbull,* for appellant.

*Carroll & Rohde* and *R. W. Jennings,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—On June 15, 1889, the appellant, by an instrument in writing, duly executed, leased to one Herman Trapeur a certain store room in the city of Port Townsend for the period of five years from the first day of March, 1890, for the sum of one hundred dollars per month, payable in advance on the first day of each and every month, which sum the said Trapeur agreed to pay in accordance with the terms of said lease. On April 6, 1890, the said lessee assigned all his right, title and interest in and to said lease to one Whittlesey, who on October 22, 1891, assigned the same to the respondent, Iffland. The respondent, about the first day of November, 1891, went into possession of the premises, and paid the rent to appellant, according to the provisions of the

lease, for three months thereafter, and then failed and refused to make further payments. This action (originally two actions, which were consolidated and tried as one), was instituted to recover the rent alleged to be due for six successive months, beginning with March, 1892.

The respondent set up as defenses to the action, (1) that on the 15th day of January, 1892, he, by an instrument of writing duly acknowledged, assigned, for value, all his right, title and interest in and to the lease alleged in the complaint and the premises therein described, to one John Barnett, and surrendered the possession of said premises to said Barnett and put him in possession of the same; and (2) an adjudication in his favor in a justice court in an action for the rent for the month of February, 1892. Most, if not all, of the testimony offered as to this latter defense was rejected by the court, and the case went to the jury upon the questions raised by the first affirmative defense pleaded; and there was a verdict and judgment for the defendant.

It is alleged that the court erred in admitting in evidence certain testimony over the objection of the appellant, in rejecting certain other testimony offered by appellant, and in giving certain instructions to the jury. The court permitted the respondent, over appellant's objection, to answer the interrogatory, "What, if anything, did you do with that lease and the premises described in that lease?" It is admitted by the pleadings that the respondent acquired whatever interest he had in the premises by virtue of a written assignment of the original lease, and this question was preliminary merely to the proof of assignment, subsequently submitted, and was therefore admissible. After the witness Rohde had testified as to the assignment of a lease and its contents, over the objection of appellant, the court overruled an objection by appellant to the question, "What lease was it, Mr. Rohde, that this assignment purported to assign?" The evident object of this question was to show that the instrument mentioned by the witness was the assignment referred to in respondent's answer, and, unless a proper foundation for the introduction of secondary evidence as to

the contents of the alleged assignment had not been laid—a question to be considered hereafter—it was not error to permit the interrogatory to be propounded and answered.

It is also insisted that the court erred in sustaining the respondent's objection, on the ground of immateriality, to the question asked respondent on cross examination, " How did you come to get this lease; what object had you in getting it ? " We perceive no merit in this objection. It was conceded that the lease was assigned to the respondent, in fact, it was so alleged in the complaint, and it would seem to be altogether immaterial what his object or motive was in acquiring it. After one Rohde, an attorney and a witness for the respondent, had testified that he wrote the assignment from the respondent to Barnett, he was asked the question, " Wasn't this assignment, Mr. Rohde, a scheme on your part to get Mr. Iffland rid of the lease ? " The court sustained an objection to the question as immaterial, and the plaintiff excepted. It is obvious from the very nature of the transaction itself that the object of making an assignment was to get rid of the lease. And while we think the question propounded might properly have been answered under the latitude permissible in cross examination, still we are unable to perceive wherein the appellant was materially prejudiced by the ruling of the court in that regard. The respondent had a perfect right to " get rid of the lease " by assigning it, *bona fide*, even though the " scheme " originated with the witness. If there was any error at all committed, it is so inconsequential that a reversal cannot justly be predicated upon it.

The assignment in question was not produced at the trial and parol testimony was introduced to show how it was executed, and also its contents. The appellant objected to the giving of such testimony on the ground that sufficient diligence to procure the assignment had not been shown, and that its non-production was not sufficiently accounted for. There was testimony adduced on the part of the respondent, and which was not contradicted, to the effect that the assignment was in writing, and for a valuable consideration, and

that it was delivered to Barnett, the assignee therein mentioned. And the respondent himself testified that he delivered the possession of the premises described in the lease to said Barnett, who soon after left the city of Port Townsend ; that he had searched the hotels and boarding houses there, to find him and get the assignment, and had addressed letters to him at Portland and Vancouver, the only places where he had reason to think he might be found, but got no answer, and did not know his whereabouts. While his testimony on its face is somewhat contradictory as to whether he ever received an answer to any of his letters to Barnett, yet it would seem, taking it as a whole, that his failure to produce the instrument was not caused by any lack of diligence on his part in endeavoring to procure it. And assuming, as the court must have assumed, that what he said was true, there was no error in permitting secondary evidence to prove the contents of the written assignment. It was shown, both by the testimony of the respondent and of Rohde, who drew it, that the assignment was in writing and was witnessed by two witnesses and properly acknowledged. But the point is made by appellant that it was not shown to have been recorded and for that reason was not a valid assignment, and therefore the evidence offered was incompetent.

While the statute provides (Gen. Stat., § 199) that the county auditor shall, upon the payment of his fees therefor, record leases which have been acknowledged or proved, no provision is made for recording assignments of those instruments, and therefore a failure to record them will not alone render them invalid. Leases of real estate for more than one year, being incumbrances upon the property demised, must, under our statutes, be created by deed and with the usual formalities of deeds. But the interest conferred by a lease for a term of years, whether for a long or short period, is only a chattel interest (1 Wood, Landlord and Tenant, (2d ed.), pp. 143, 149 ; Gear, Landlord and Tenant, § 2), and is generally subject to the law pertaining to chattels.

In this case, the lease was transferred by the respondent,

as we have said, by a written instrument which was signed, witnessed and acknowledged, and was therefore valid even upon the theory contended for by appellant, that such assignments can only be effectually made by deed.

The first instruction given by the court to the jury, which is claimed by appellant to be erroneous, is as follows :

"5. In this case I instruct you that the defendant Iffland had a lawful right to assign the lease of the building, for which the plaintiff claims rent, to another person for the purpose of ridding himself of liability to pay rent to plaintiff, and if you believe from the evidence that the defendant assigned all his interest in the lease on which plaintiff claims rent, before the first day of March, 1892, and surrendered possession of the building in question to John Barnett, then you must find for the defendant."

This instruction is substantially in accord with the authorities, and appellant's objection is not well taken. 1 Wood, Landlord and Tenant, p. 749 ; 1 Washburn, Real Property (5th ed.), 525 ; *Johnson v. Sherman*, 15 Cal. 287 (76 Am. Dec. 481); *Childs v. Clark*, 3 Barb. Ch. 52 (49 Am. Dec. 164); *Trabue v. McAdams*, 8 Bush, 74 ; *Durand v. Curtis*, 57 N. Y. 7 ; *Sanders v. Partridge*, 108 Mass. 556.

Nor was it error to give instruction No. 6, which is in the following words :

"You are instructed that if you find from the evidence that the defendant assigned the lease on which rent is claimed before the first day of March, 1892, and surrendered possession of the premises to John Barnett, then you must find for the defendant, although you find that plaintiff had no notice of such assignment."

Appellant contends that without notice the assignment was ineffectual as to him. But the authorities appear to be the other way. The law applicable to this, as well as the preceding instruction, is stated by Wood in his valuable treatise on Landlord and Tenant, *supra*, in these words :

"The assignee may rid himself of all liability *to the lessor* for rent, and the covenants in the original lease, by re-assigning the lease to any person. He may do this without giving notice to the lessor, or obtaining his leave ; and, notwithstanding a covenant in the original lease that the lessee,

his executors or administrators, should not assign without the license of the lessor. There is no fraud in the assignee of a lease re-assigning his interest with a view to getting rid of the lease; hence he may re-assign it to a beggar, or a married woman, or a person leaving the kingdom for the express purpose of relieving himself of liability under the covenants. It is not even necessary that the person to whom the re-assignment is made should take possession of the premises, or assent to the lease. In one case it was held that a re-assignment of a lease might be lawfully made to a prisoner in a Fleet, who was paid a sum of money to accept of the assignment.''

And to the same effect are the other authorities above cited.

The remaining instructions, the giving of which is assigned as error, are the following:

'' 7. The court instructs you that in this case it makes no difference whether Mr. Iffland was a married man or an unmarried man at any of the times mentioned in the testimony, and you will therefore disregard all testimony as to whether he was a married man or not.

'' 8. The court instructs the jury that the testimony offered to show diligence on the part of defendant in producing written evidence of the assignment in question in this case, was directed to the court and is not for your consideration.''

The latter of these instructions but states a familiar rule of evidence, and the objection to the former is wholly untenable. If the respondent was a married man he had the same right to assign and transfer the lease that he had to dispose of chattels generally, without the consent of his wife (Gear, Landlord and Tenant, § 183), and if he was unmarried he could, of course, make such disposition of it as he saw fit. It was therefore immaterial whether he was married or not, so far as the right to make the assignment was concerned.

There are some other points raised in appellant's brief, but as we do not deem them tenable we will not now stop to discuss them.

The judgment is affirmed.

DUNBAR, C. J., and STILES and HOYT, JJ., concur.