[No. 4726.   Decided September 26, 1903.]

JOHN REILLEY, *Appellant,* v. E. A. ANDERSON, *Respondent.*[1]

APPEAL—CONCLUSIVENESS OF STATEMENT OF FACTS—NOTICE OF FINDINGS. A duly certified statement of facts to which no amendments were proposed reciting that a party was present at the time findings were settled and that he argued upon the same, conclusively shows that such party had notice of the findings.

SAME—FAILURE TO EXCEPT TO FINDINGS. Where no exceptions to findings of fact are stated when the findings are signed in the presence of the party, and none are filed within five days thereafter, as required by Bal. Code, § 5052, the evidence will not be reviewed on appeal.

EXECUTION—NOTICE OF SALE—SALE OF LEASEHOLD. Bal. Code, § 5274, regulating execution sales of real estate "or any interest therein," governs the sale of the interest of a lessee of state lands, and such a sale made upon the notice provided for sales of personal property is void.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 14, 1903. Affirmed.

*James Hopkins,* for appellant.

*Post, Avery & Higgins,* for respondent.

HADLEY, J.—This is an appeal from a judgment of the superior court of Spokane county, affirming a decision of the board of state land commissioners. Respondent held a lease for certain lands belonging to the state. Appellant claimed to have some interest in said lease by virtue of an alleged execution sale of respondent's interest. Some record was made in the office of the board of state land commissioners recognizing appellant's claim under such execution sale. Respondent moved the afore-

[1]Reported in 73 Pac. 799.

said board for an order vacating and setting aside all orders theretofore made which in any way recognized appellants claim under said lease. An order to show cause why the motion should not be granted was issued by said board, and upon the hearing thereof it was determined that the motion should be sustained. On appeal to the superior court the above action of the board was sustained, and this appeal is from the judgment entered by that court.

There are three assignments of error based upon the court's findings of facts. Respondent urges that appellant is not entitled to have these findings reviewed for the reason that no sufficient exceptions were taken thereto. The record shows that the findings were signed and filed on the 14th day of February, 1903, and that the exceptions thereto were filed March 27, 1903. Appellant's counsel states in his brief that he was not present at the time the findings were signed, and had no knowledge or notice thereof. However, we find with the record a statement of facts proposed by respondent, and duly settled and certified by the court. That statement recites that at the time the findings were settled and signed appellant's counsel was present, and made an argument before the court, and that the findings and conclusions were then signed by the court and filed in the presence of counsel for both parties. Notice of the filing of said proposed statement was given to appellant's counsel, and a copy thereof served upon him; but we find no proposed amendments thereto, and, since it is duly certified, it must be held to speak the truth. It therefore appears that, although appellant's counsel was present when the findings were signed, yet, from the dates set forth in the record, no exceptions were filed for more than forty days

thereafter.   It not appearing that any exceptions were stated to the judge at the time the findings were signed, in accordance with § 5052, Bal. Code, it follows, under the further provisions of said section, that written exceptions should have been filed within five ·days after the findings were filed.   In the absence of such exceptions an appellant is not entitled to have the evidence reviewed here. · *National Bank of Commerce v. Seattle Pickle & Vinegar Works,* 15 Wash. 126, 45 Pac. 731.   It follows, therefore, that the evidence in this case is not reviewable, and the findings cannot be disturbed.

The only remaining assignment is that the court erred in rendering judgment for respondent.   If the judgment follows as a matter of law from the findings as made, then no error can be urged against it on this appeal.   The court found that the lease was made to respondent by the state, and that he has at all times since its execution paid or tendered all rents due thereunder; that the attempted execution sale of said lease under which appellant claims was conducted by the sheriff of Spokane county as a sale of personal property, and not as a sale of real estate, or as an interest in real estate; that the procedure required by the law of 1897 (Laws 1897, p. 70) for the execution sale of real estate or an interest therein was not complied with; that the sheriff did not, as required by law, give respondent any notice that said leasehold interest, or any interest in said land, was to be sold, or that the same had been levied upon; that neither the state of Washington nor the board of state land commissioners ever entered into a lease with appellant for said lands, and the lease of respondent has never been canceled or annulled.   From the facts as found, the court

entered as conclusions of law, that respondent is the owner
of said lease, that appellant has no interest therein, and
that the decision of the state board of land commissioners
should be affirmed.    Judgment to that effect was accord-
ingly entered, and we think the conclusions of law and
judgment legally followed from the facts found.

The attempted sale was made under the law of 1897.
That law, as found in § 5274, Bal. Code, provides that,
when an execution sale of real estate "or any interest
therein" is to be made, it is the duty of the judgment cred-
itor "to deliver to the sheriff a true statement, signed by
himself or attorney, containing a description of the prop-
erty levied upon, the estimated value of each separate
description, and serve a copy upon the judgment debtor
or his attorney." The above requirement was not complied
with by the judgment creditor, as found by the court,
and respondent did not, therefore, receive the notice of
the contemplated sale intended by that section.   He was
thereby prevented from exercising his right under the
following section (5275) to except to the judgment credi-
tor's valuation of the property.   Moreover, the sale was
made as though it were a sale of personal property.   The
posting of notices for ten days, as in the case of execution
sales of personal property, is not, under the statute, suffi-
cient for the sale of real estate or an interest therein.
In the latter case, the notices must not only be posted for
a period of four weeks prior to the sale, but must also be
published once a week for a like period in a newspaper.
Section 5274, *supra,* clearly recognizes that any interest
in real estate shall be sold in the same manner as the
land itself.   A leasehold estate in land for a term of years
is an interest in the land.   *Chicago Attachment Co. v.*

*Davis Sewing Machine Co.,* 142 Ill. 171, 31 N. E. 438, 15 L. R. A. 754; *Sanford v. Johnson,* 24 Minn. 172.

It is true, at common law a leasehold interest in land passes to the personal representative of a deceased owner. 11 Am. & Eng. Enc. Law (2d ed.) p. 839. But while such an interest in land may partake of the nature of personalty, and may for some purposes be classified as such, yet it is competent for the legislature to provide by statute that it must be sold under execution in the same manner as real estate, and the rule with relation to such a sale of a leasehold interest is stated as follows:

"Under statute in some jurisdictions, leasehold interests are to be seized and levied upon as realty. But it seems to be the prevailing rule that, apart from statute, such interest should be levied upon as personalty." 11 Am. & Eng. Enc. Law (2d ed.) 629.

In harmony with the above rule, since a leasehold is an interest in real estate, and since the statute cited provides for its sale in the same manner as the land itself, it follows that under the statute in the case at bar the attempted sale of the leasehold in the manner provided for personal property sales was a substantial failure to comply with the law, and the sale was therefore void.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR, ANDERS, and MOUNT, JJ., concur.