[No. 6144. Decided November 21, 1906.]

W. MOELLER, *Respondent*, v. MATT H. GORMLEY, *as . Treasurer of King County, Appellant*.[1]

TAXATION—LEASE OF TIDE LANDS FROM STATE—RIGHT TO TAX. A leasehold interest in tide lands, under lease from the state, is subject to taxation.

SAME—ASSESSMENT—REAL OR PERSONAL PROPERTY. A leasehold interest in state tide lands is assessable for taxation as real, and not as personal property, although the present revenue law may be inadequate to enforce its collection when so assessed.

Appeal from a judgment of the superior court for King county, Yakey, J., entered January 29, 1906, upon over-

[1]Reported in 87 Pac. 507.

ruling a demurrer to the complaint, dismissing an action to enjoin the collection of taxes.    Affirmed.

*Kenneth Mackintosh* and *R. W. Prigmore*, for appellant. Leasehold or possessory interests in state lands are taxable. Const., art. 7, §§ 1, 2; Pierce's Code, §§ 8591, 8595, 8634 (Bal. Code, §§ 1655, 1698); *Washington Iron Works v. King County*, 20 Wash. 150, 54 Pac. 1004; *Commercial Elec. Light & Power Co. v. Judson*, 21 Wash. 49, 56 Pac. 829, 57 L. R. A. 78; *Chehalis Boom Co. v. Chehalis County*, 24 Wash. 135, 63 Pac. 1123; *People v. Black Diamond Coal Min. Co.*, 37 Cal. 54; *Carrington v. People*, 195 Ill. 484, 63 N. E. 163, *Harvey Coal & Coke Co. v. Dillon*, 54 W. Va. 605, 53 S. E. 928; *Mayor v. Los Angeles City Water Works Co.*, 49 Cal. 638; *Wilgus v. Commonwealth*, 9 Bush (Ky.), 556; *State v. Tucker*, 38 Neb. 56, 56 N. W. 718; *People v. Frisbie*, 31 Cal. 146; *People v. Cohen*, 31 Cal. 210; *People v. Shearer*, 30 Cal. 645.    It is immaterial whether such interest was assessed as real or personal property.    *State ex rel. Ashland Water Co. v. Wharton*, 115 Wis. 457, 91 N. W. 976; *Wells v. Savannah*, 87 Ga. 397, 13 S. E. 442; *State v. Frost*, 25 Wash. 134, 64 Pac. 902; *Washington Iron Works v. King County, supra; Eurkea District Gold Mining Co. v. Ferry County*, 28 Wash. 250, 68 Pac. 727. Such leasehold interests are assessable as personal property. 18 Am. & Eng. Ency. Law (2d ed.), 710; *Insurance Co. v. Haven*, 95 U. S. 242, 24 L. Ed. 473; *Jeffers v. Easton, Eldridge & Co.*, 113 Cal. 345, 45 Pac. 680; *Wilgus v. Commonwealth*, and *Harvey Coal & Coke Co. v. Dillon, supra.*

*E. H. Guie*, for respondent, to the point that the interest was not subject to taxation, cited: 7 Am. & Eng. Ency. Law (2d ed.), p. 368; Cooley, Taxation, p. 172; *Daugherty v. Thompson*, 71 Tex. 192, 9 S. W. 99; *State ex rel. Latimer v. Henry,* 28 Wash. 38, 68 Pac. 368; *Edgerton v. Huntington*

*School Township,* 126 Ind. 261, 26 N. E. 156; *People v. Trustees of Schools,* 118 Ill. 52, 7 N. E. 262; *Page v. Pierce County,* 25 Wash. 6, 64 Pac. 801; *Washington Iron Works v. King County,* 20 Wash. 150, 54 Pac. 1004. Leasehold estates when taxable must be taxed as realty. *Reilley v. Anderson,* 33 Wash. 58, 73 Pac. 799; *Chicago Attachment Co. v. Davis Sewing Machine Co.,* 142 Ill. 171, 31 N. E. 438, 15 L. R. A. 754; *Sanford v. Johnson,* 24 Minn. 172; *McKee v. Howe,* 17 Colo. 538, 31 Pac. 115.

Root, J.—In 1899 plaintiff leased from the state of Washington, for a period of thirty years, certain Seattle tide lands. Thereafter the assessor of King county caused the leasehold interest of respondent in said tide lands to be assessed as personal property, and the tax was accordingly levied against such leasehold interest, and entered upon the personal tax rolls of the county for the year 1904. This action was instituted for the purpose of enjoining and restraining appellant from collecting said taxes. A demurrer to the complaint was overruled by the court. Appellant electing to stand upon his demurrer, and refusing to plead further, judgment was entered dismissing the action. From this judgment the present appeal is taken.

Two questions are presented: (1) Is such leasehold interest taxable? (2) If taxable, should it be assessed as realty or personal property? Under a constitution such as ours, it is the general rule that all property other than public is assessable, and before any exception can be allowed there must be found unequivocal authority therefor. But the converse of this rule is applicable to public property. Before any property belonging to the state can be subjected to taxation, clear and unmistakable authority therefor must be made to appear. It is contended by respondent herein that to impose a tax upon this leasehold, while nominally asserting taxation against the property of an individual, would practically and actually amount to the levying and enforcement of a tax

against the state; that as tide lands of this character are leased for a term of years to the highest bidder, it must be presumed that the state obtains the full rental value for the use of these lands; that this being true, it naturally follows that the amount of rental obtainable from any person willing to pay the full rental value of said lands would be increased or decreased to the extent of the tax imposed accordingly as he should be, or not be, required to make payment thereof; that the assessment falls upon the right to use the property; that is a right which is vested in the state, but which the state during a given period permits the individual to exercise; that in its last analysis, such taxation is upon the property of the state, and consequently not permissible under § 2 of art. 7 of the state constitution, which reads as follows:

" .  .  .  That the property of the United States and of the state, counties, and school districts, and other municipal corporations, . . . shall be exempt from taxation."

This argument is plausible, and the proposition advanced appears sound as a theory. But we think it cannot, under the general scheme and purpose of taxation, successfully bear the test of practical application. Doubtless a prospective lessee would bid more for a lease if he knew that his leasehold interest would not be taxed. But the same may be said of a prospective purchaser of state lands. He would pay more for the fee if he knew it would remain exempt from taxation. The difference between the two is in degree only, and not in character. But it is the policy of our commonwealth that the fee in any real estate sold by the state shall thenceforth be assessable. As soon as title passes from the state the land becomes private, and no longer public, property. When a lease is given by the state to an individual or private corporation, the lessee thereby obtains for his or its private use certain rights and privileges in, to and upon such real estate. These rights and privileges constitute private property over which the lessee has, and may exercise, abso-

lute dominion and ownership within the limitations of his or its lease. Why, as such property, it should not be subject to the general rule of taxation, we conceive of no reason.

It is urged, however, that such a leasehold interest, if taxable at all, should be assessed as real estate instead of personal property. This was evidently the view entertained by the trial court, and we think it correct. The revenue statute, defining real estate for the purpose of taxation, is as follows:

"Real property for the purposes of taxation shall be construed to include the land itself, whether laid out in town lots or otherwise, and all buildings, structures and improvements, or other fixtures of whatsoever kind, thereon, and all rights and privileges thereto belonging, or in anywise appertaining, . . ." Bal. Code, § 1656 (P. C. § 8592).

This court, in line with others, has held that a leasehold for a term of years was an "interest in lands." *Reilley v. Anderson*, 33 Wash. 58, 73 Pac. 799; *Chicago Attachment Co. v. Davis Sewing Mach. Co.*, 142 Ill. 171, 31 N. E. 438; *Sanford v. Johnson*, 24 Minn. 172; *McKee v. Howe*, 17 Colo. 538, 31 Pac. 115.

It would seem that the expression in the statute "all rights and privileges thereto belonging" would clearly cover a leasehold interest such as we have here. Appellant points out that the present revenue law is inadequate to enforce the collection of the taxes levied—especially those assessed during the last three or five years of the lease—if the leasehold be taxed as real estate. We are impressed with the force of this suggestion, and doubt not that the legislature will give the matter appropriate attention if it be called to its attention. This court, however, must pass upon the statute as it is found, without importing, by way of construction, elements now wanting.

The judgment of the trial court is affirmed.

Mount, C. J., Dunbar, Crow, Hadley, and Fullerton, JJ., concur.

Rudkin, J., concurs in the result.