[No. 8749. *En Banc.* September 20, 1910.]

AMERICAN SAVINGS BANK & TRUST COMPANY, *Respondent,*
v. Z. A. MAFRIDGE, *Appellant.*[1]

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—CONTRACTS—CONSTRUCTION. A written contract whereby a party desiring to purchase a lease agreed to pay for the use of the premises, to the assignee of the lease, monthly during its term, a fixed sum in addition to the monthly rent which the original assignee is obliged to pay to the lessor, is in law an assignment of the lease.

FRAUDS, STATUTE OF—ASSIGNMENT OF LEASE—ACKNOWLEDGMENT. An assignment of a lease is valid without acknowledgment under the laws of this state.

LANDLORD AND TENANT—LEASE—CONTRACTS—MUTUALITY. A contract whereby a party agrees to pay the assignee of a lease, for the use of the leased premises, a fixed sum monthly during the term of the lease in addition to the rent, signed by both parties, is on its face a mutual contract and enforcible.

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—CONTRACTS—BREACH—ACCEPTANCE OF RENT. Where the plaintiff, being assignee of a lease, sold the same to defendant, and defendant's corporation in possession afterwards went into the hands of a receiver, acceptance of the rent for two months from the receiver, and receipt of

[1]Reported in 110 Pac. 1015.

the key, will not prevent the plaintiff from recovering from the defendant the balance due on the contract, where the evidence shows he did not intend to release the defendant.

LANDLORD AND TENANT — ASSIGNMENT OF LEASE—BREACH—DAMAGES.  The assignee of a lease, after breach, and sale of the lease at his request to lessen the damages, is liable for the rent to the time of the breach, and for the present value of the monthly payments due to the assignor in the future, at the legal rate of interest, less the sum for which the lease was sold.

Cross-appeals from a judgment of the superior court for King county, Neal, J., entered February 1, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Reversed on plaintiff's appeal.

*Blaine, Tucker & Hyland* and *Robert C. Saunders,* for appellant.

*Farrell, Kane & Stratton,* for respondent.

MOUNT, J.—The American Savings Bank & Trust Company brought this action against Z. A. Mafridge, personally and as executor of the last will of Katherine Mafridge, deceased, to recover damages in the sum of $41,700 for breach of a contract, and to foreclose a deed given as security for the performance of that contract.  Upon a trial of the case, the lower court found in favor of the plaintiff for $4,000, being payments due upon the contract for two months past due, and ordered the trust deed foreclosed for that amount, but denied further relief.  Mafridge has appealed from that decree.

The plaintiff, American Savings Bank & Trust Company, has also appealed, contending that the court erred in not finding for the plaintiff in a larger amount.  The parties will, therefore, be designated herein as plaintiff and defendant.

There is no dispute upon the facts in the case, which are, in brief, as follows:  In October, 1908, one Harry Welty was the owner by assignment of a lease upon certain premises

in the city of Seattle. This lease by its terms was to run until August 1, 1916, at a monthly rental of $1,575 per month for the first five years. On October 12, 1908, Mr. Welty and Mr. Mafridge entered into the following agreement in writing:

"Memorandum of Agreement made between Harry Welty and Z. A. Mafridge Company of Seattle, a corporation, and Z. A. Mafridge personally.

"Whereas, Harry Welty is the owner of that certain lease made by Albert Hansen to the McCarthy Dry Goods Company on the building situated on lots five (5) and eight (8) in block twenty-three (23), A. A. Denny's addition to the city of Seattle, dated May 10th, 1906, and June 4th, 1906, said lease having been purchased by said Harry Welty from the receiver of the McCarthy Dry Goods Company, and

"Whereas, the said Z. A. Mafridge Company and Z. A. Mafridge personally is desirous of renting said premises from the said Harry Welty, it is agreed by the parties as follows:

"That the said Z. A. Mafridge Company shall pay for the use of the said premises, for the months of October, November and December, 1908, one thousand five hundred seventy-five ($1,575) dollars per month, being the actual amount payable under the lease to Albert Hansen.

"It is further agreed that the next three months following said time, being January, February, and March of 1909, the said Z. A. Mafridge shall pay to the said Harry Welty, the sum of one thousand six hundred seventy-five ($1,675) dollars per month, and

"It is further agreed that after said March, 1909, and during the remaining period of the lease between Albert Hansen and the McCarthy Dry Goods Company the said Z. A. Mafridge Company shall pay to Harry Welty the sum of four hundred twenty-five ($425) dollars per month, in addition to and over and above the rent that the said Harry Welty or his successors in interest shall be obliged to pay to the said Albert Hansen, under the terms and conditions of the said lease heretofore referred to, and the said Z. A. Mafridge, personally agrees to secure the said Harry Welty in the payment of said sums by making a deed of trust of lots three (3) and six (6) in block one hundred seven (107) of D. T. Denny's First addition to North Seattle to the said Harry

Welty or to the American Savings Bank & Trust Company in trust for such purposes, also half interest in triangular block twenty-eight (28) Heirs Sarah A. Bell's Second addition for like purpose.

"Nothing herein contained however shall in any way prohibit an outright purchase of the said lease at any time by the said Z. A. Mafridge Company or Z. A. Mafridge personally or his successors in interest under this agreement from the said Harry Welty or his successors in interest.

"In Witness Whereof the parties hereto have signed this memorandum of agreement this twelfth day of October, 1908.

(Signed)              Harry Welty,<br/>
"Z. A. Mafridge,<br/>
"Z. A. Mafridge Co.<br/>
"L. Orr, Manager.

"In case either piece of property is sold at request of Z. A. Mafridge, he shall furnish another piece of equal value as security for the purpose stated.  American Savings Bank & Trust Co.,                    J. P. Gleason, Mgr."

On October 28, 1908, Mr. Mafridge, in order to secure the performance of this contract, executed and delivered a deed, absolute in form, conveying to the plaintiff the property now sought to be held as security for the damages sustained. At the time the contract above set out was entered into, the defendant, Mafridge, took possession of the leased property and occupied the same, by himself or the Boston store, a corporation formed by him, which latter corporation subsequently went into the hands of a receiver, who paid the rent while he occupied the premises as such receiver, until the 1st day of May, 1909. The rent for May and June, 1909, was not paid. After the receiver was appointed, the defendant, Mafridge, requested the plaintiff to dispose of the lease to the best advantage. The plaintiff thereupon sold the lease to the original lessor for a consideration of $10,000.

It is contended by the defendant upon this appeal, (1) that the contract above set out was not a valid one, because it is an agreement to lease the property for a term of years

and is not acknowledged; (2) that the contract is not a mutual, enforcible contract; and (3) that the plaintiff is not liable for any rent under the evidence. The trial court was apparently of the opinion that the contract above set out was not valid as a lease because it was not acknowledged. If this contract were one for a lease, there can be no doubt that it was not enforcible under the statute, for we have held that an unacknowledged lease for a term of years could not be enforced for the full term. *Richards v. Redelsheimer*, 36 Wash. 325, 78 Pac. 934; *Watkins v. Balch*, 41 Wash. 310, 83 Pac. 321, 3 L. R. A. (N. S.) 852; *Dorman v. Plowman*, 41 Wash. 477, 83 Pac. 322.

This contract is clearly not a lease, nor an agreement for a lease. It was in law an assignment of a valid lease already existing. The plaintiff was the assignee of a lease expiring in August, 1916. The defendant agreed to purchase the lease and pay to the plaintiff certain stipulated sums each month for the whole period of the lease. The plaintiff reserved no interest in the leased premises. It is true the contract contained this clause: "Nothing herein contained, however, shall in any way prohibit an outright purchase of the said lease by the said Z. A. Mafridge Company or Z. A. Mafridge personally or his successors in interest." This meant, no doubt, that the parties might thereafter agree upon a lump sum in advance which should be paid for the whole term.

"An assignment of a term for years occurs when the lessee transfers his entire interest therein without retaining any reversionary interest. If an instrument so transfers the lessee's interest, it constitutes an assignment regardless of its character and form." 24 Cyc. 972.

"No particular form of assignment is necessary. Thus, as heretofore stated, a general lease, quitclaim, or other conveyance of the leasehold premises may render the grantee an assignee. Assignments, however, are usually and may be validly executed by indorsements upon the lease, whereby the lessee assigns his interest to the assignee." 18 Am. & Eng. Ency. Law (2d ed.), 679.

In *Weander v. Claussen Brewing Ass'n*, 42 Wash. 226, 84 Pac. 735, 114 Am. St. 110, where a contract in the form of a lease was entered into by the lessee and a third party for the whole term of an original lease, we held that the contract, while in form a lease, was in law an assignment of a lease. We there said:

"We think, under the authorities, that the legal effect of such an instrument is that of an assignment in full of the lease by its holder; that it is not a new lease, which creates a new lessor and subtenant, with the relation of landlord and tenant between the two, but the new nominal lessee becomes an assignee of the whole leasehold estate affected."

See, also, *McLennan v. Grant*, 8 Wash. 603, 36 Pac. 682; 1 Tiffany, Landlord & Tenant, p. 908.

The contract under consideration, under the rule of law above stated, was an assignment of a lease, and does not fall within the statute which requires leases for a term of more than one year to be in writing.

We have no statute which requires an assignment of a lease for a term of years to be acknowledged. In *Tibbals v. Iffland*, 10 Wash. 451, 39 Pac. 102, this court said:

"But the interest conferred by a lease for a term of years, whether for a long or short period, is only a chattel interest (1 Wood, Landlord and Tenant (2d ed.), pp. 143, 149; Gear, Landlord and Tenant, § 2), and is generally subject to the law pertaining to chattels."

And we also there held that a married man has the right to assign and transfer a lease without the consent of his wife. Under these rules, the contract in question was a valid contract, capable of being enforced even though it was not acknowledged.

The contract appears upon its face to have been a mutual contract, based upon a sufficient consideration. Defendant also contends that he is not liable for the rents for the months of May and June, for the reason that plaintiff had accepted rent from the receiver for the month of April, and had re-

ceived the keys from the receiver prior to the month of May, but the evidence also shows that the plaintiff did not thereby release, or intend to release, the defendant from the obligations of his contract, but at all times insisted upon the defendant's liability. The defendant had, at least, constructive possession of the premises and a beneficial use thereof, and was liable upon the contract for the amounts due which he had agreed to pay. The sale of the lease by the plaintiff to the original lessor was made at the request of the defendant, for the purpose of lessening the liability of the defendant.

We now come to consider the appeal of the plaintiff. The trial court was apparently of the opinion that the contract was void and therefore not enforcible, and for that reason refused to find any damage on account of the rescission of the contract by the defendant. We have determined that the contract was valid and enforcible. It remains to consider the question of damages. The plaintiff insists that, in addition to the rent for May and June, amounting to $4,000, judgment should have been entered for $36,125, being $425 per month, which defendant had agreed to pay, less $10,000 for which the lease was sold, making a total of $30,125. It is apparent that this amount is too large, because the defendant did not agree to pay that amount in advance. He agreed to pay the plaintiff $425 per month for seven years and one month. The plaintiff is entitled to $4,000 for the months of May and June, 1909, because the defendant had the use and benefit of the property for that time and was clearly liable therefor. The plaintiff is also entitled to the present worth of the contract from July 1, 1909, at the legal rate of interest, less the $10,000 for which the lease was sold.

The judgment of the lower court is therefore reversed, and the cause remanded with instructions to enter a decree of foreclosure in accordance with this opinion.

RUDKIN, C. J., DUNBAR, CROW, PARKER, and GOSE, JJ., concur.