[No. 19250.   Department Two.   August 20, 1925.]

REANY MYERS *et al., doing business as Central Realty Company, Respondents,* v. HATTIE ARTHUR, *Appellant.*[1]

FRAUDS, STATUTE OF (20)—REAL ESTATE—CONTRACTS FOR BROKER'S COMMISSIONS—SALE OF LEASEHOLD INTEREST.  A leasehold is not "real estate" within Rem. Comp. Stat., § 5825, subd. 5, requiring an agreement authorizing or employing an agent or broker to sell or purchase real estate to be in writing.

BROKERS (15, 16)—COMPENSATION—SUFFICIENCY OF PERFORMANCE—PRODUCING PURCHASER.  A broker is entitled to his commission where he produced the purchaser to whom the property was sold at the price named in his agreement of employment.

Appeal from a judgment of the superior court for King county, Hon. Charles E. Claypool, judge *pro tempore,* entered November 28, 1924, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Affirmed.

*J. H. Templeton,* for appellant.
*Robert D. Hamlin,* for respondents.

MITCHELL, J.—This action was brought to recover a real estate brokers' commission on the sale of furniture, fixtures, furnishings and a leasehold interest of several years in a hotel in Seattle.  The employment of the brokers was not in writing.  The defendant has appealed from a judgment against her.

Two questions are presented, (1) was the agreement employing the brokers within the statute of frauds; and (2) did the brokers comply with the agreement so as to entitle them to the commission?  The statute relied on by the appellant is subd. 5, § 5825, Rem. Comp. Stat. [P. C. § 7745], act of 1905, which says:  "An agreement authorizing or employing an agent or broker

[1]Reported in 238 Pac. 899.

to sell or purchase real estate for compensation or a commission'' shall be void unless the agreement, or some note or memorandum thereof, be in writing, etc.

The contract in this case is not severable as to the different kinds of property, and appellant contends that, as a lease of real property for a term of years is within § 5825 of the code, the respondents cannot recover. She relies on § 2303, Rem. Comp. Stat. [P. C. § 8738], and the cases of *Reilley v. Anderson,* 33 Wash. 58, 73 Pac. 799, and *Moeller v. Gormley,* 44 Wash. 465, 87 Pac. 507. Section 2303 gives the definition of the term "real property" as the term is used in the criminal code enacted in 1909, ch. 249, Session Laws of 1909, p. 890 [Rem. Comp. Stat., § 2253]. The case of *Reilley v. Anderson, supra,* holds that a leasehold estate in land for a term of years is an interest in land as to the manner of making an execution sale. *Moeller v. Gormley, supra,* decided that, under the revenue and taxation statutes then in force, a leasehold estate for a term of years was real property. But in both cases the conclusion was reached because of an applicable statute; for, as was stated in the *Reilley* case, ''it is competent for the legislature to provide by statute that it must be sold under execution *in the same manner as real estate''; and the court then cites authority stating that,

     '' 'Under statute in some jurisdictions, leasehold interests are to be seized and levied on as realty. But it seems to be the prevailing rule that, apart from statute, such interest should be levied upon as personalty.' ''

In *Tibbals v. Iffland,* 10 Wash. 451, 39 Pac. 102, after stating that leases of real estate for more than one year must, under our statutes, be created by deed, and with the usual formalities of deeds, it was said:

"But the interest conferred by a lease for a term of years, whether for a long or short period, is only a chattel interest (1 Wood, Landlord and Tenant (2d ed.), pp. 143, 149; Gear, Landlord and Tenant, § 2), and is generally subject to the law pertaining to chattels."

And still further in the same case, with reference to the assignment of such a lease, it was said:

"If the respondent was a married man he had the same right to assign and transfer the lease that he had to dispose of chattels generally, without the consent of his wife (Gear, Landlord and Tenant, § 183), and if he was unmarried he could, of course, make such disposition of it as he saw fit. It was therefore immaterial whether he was married or not, so far as the right to make the assignment was concerned."

The case of *American Savings Bank & Trust Co. v. Mafridge*, 60 Wash. 180, 110 Pac. 1015, involved the assignment of a lease of real property for a term of years, and among other things it was said:

"The contract under consideration, under the rule of law above stated, was an assignment of a lease, and does not fall within the statute which requires leases for a term of more than one year to be in writing.

"We have no statute which requires an assignment of a lease for a term of years to be acknowledged. In *Tibbals v. Iffland*, 10 Wash. 451, 39 Pac. 102, this court said:

" 'But the interest conferred by a lease for a term of years, whether for a long or short period, is only a chattel interest (1 Wood, Landlord and Tenant (2d ed.), pp. 143, 149; Gear, Landlord and Tenant, § 2), and is generally subject to the law pertaining to chattels.'

"And we also there held that a married man has the right to assign and transfer a lease without the consent of his wife. Under these rules, the contract in question was a valid contract, capable of being enforced even though it was not acknowledged."

In the case of *Taylor v. Basye*, 119 Wash. 263, 205 Pac. 16, in discussing the validity of an arbitration and

award that included a lease for a term of years, we said:

"The subject-matter embraces a lease which, under our laws, is a chattel interest *(Tibbals v. Iffland,* 10 Wash. 451, 39 Pac. 102; *American Savings Bank & Trust Co. v. Mafridge,* 60 Wash. 180, 110 Pac. 1015), and certain other personal property concerning which the parties were free to contract irrespective of where it was situated."

Undoubtedly at common law a leasehold, whatever its duration in years, was personal property. The rule as stated in 35 C. J. 970, supported by an abundance of cases, is:

"Except in so far as the common-law rules may have been modified by statute, terms for years, however long, are chattels real, falling within the classification of personal property and governed by the rules of law applicable to other kinds of personal property."

The statutory requirements of a conveyance do not determine the classification of the property taken as to whether it is real or personal. This rule is correctly stated in the case of *Orchard v. Wright-Dalton-Bell-Anchor Store Co.,* 225 Mo. 414, 125 S. W. 486; 20 A. & E. Annot. Cas. 1072, wherein it is said that the statute governing conveyances of real estate does not attempt to convert into real estate that which was personalty at common law, but merely prescribes the mode of conveyance or transfer.

In this state, while the statute with reference to conveyances, § 10550, Rem. Comp. Stat. [P. C. § 1909], provides, "All conveyances of real estate or any interest therein,   .   .   .   shall be by deed," the statute applicable to the present case says only "real estate" and does not include the words "interest in real estate." And, as stated in *American Savings Bank & Trust Co. v. Mafridge, supra,* an assignment of a

lease for a term of years was not required to be acknowledged, because we had no statute providing for it; so here, it cannot be held that an agreement employing an agent or broker to sell or purchase a lease of real property for a term of years must be in writing because we have no statute requiring it. The statute invoked by the appellant relates to no kind of property other than real estate.

Concerning the second question on the appeal, the evidence clearly preponderates in favor of the trial court's finding that the respondents produced the purchaser to whom the property was sold at the price named in the agreement of employment. This feature of the case is controlled by former decisions of this court, some of which are as follows: *Norris v. Byrne,* 38 Wash. 592, 80 Pac. 808; *Lawson v. Black Diamond Coal Mining Co.,* 53 Wash. 614, 102 Pac. 759; *Duncan v₁ Parker,* 81 Wash. 340, 142 Pac. 657, L. R. A. 1915A 804; *Keith v. Peart,* 115 Wash. 552, 197 Pac. 928.

Affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKINTOSH, JJ., concur.