[No. 21750. Department Two. September 28, 1929.]

W. W. Barr, *Respondent,* v. Campbell Mill Company, *Appellant,* James Campbell, *Defendant.*[1]

*W. H. Beatty* and *Morris & Dubuar,* for appellant.

*Karr & Gregory, C. L. Harris,* and *Geo. W. Korte,* for respondent.

French, J.—This action was brought by respondent to recover the reasonable value of services performed in obtaining for the appellant a right of way for a logging road. The lower court found that appellant, Campbell Mill Company, owned some five thousand acres of land in Clallam county, and also owned certain lands and booming grounds at the mouth of the Hoko river on which extensive improvements had been made, and that the Milwaukee Land Company, a corporation, owned certain timber lands between the timber lands of the appellant and the booming grounds at the mouth of the Hoko river, and that it was necessary

[1]Reported in 280 Pac. 929; 284 Pac. 1119.

for the appellant to have a right of way across the lands of the Milwaukee Land Company for a logging railroad; that, on or about the 16th day of November, 1926, respondent was employed to obtain this right of way; that he did, during the year 1926, obtain a right of way on satisfactory terms; that he was, during the year 1926, a duly licensed broker, and that the reasonable value of his services was $750.

Exceptions were taken to all of these findings, but the findings were made on testimony which was, in some particulars at least, sharply in conflict, and under our well settled rule, where we cannot say that the evidence preponderates against the findings of the trial court, the facts as found by the trial court will be accepted as the findings in so far as the appeal is concerned.

Some complaint is made concerning the admission of testimony; but this case was tried before the court without a jury, and we will assume that, even if the testimony was improperly admitted, it was disregarded by the court.

Two questions are involved on this appeal: First, Did the contract fall within the statute of frauds, Rem. Comp. Stat., § 5825, subdiv. 5, which provides: "An agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission," shall be void unless in writing?

The second is, Was respondent a duly licensed broker at the time when the services were performed, and thus entitled to maintain this action?

The lower court found that respondent was employed to secure "the right to cross this said intervening land with a logging railroad on terms satisfactory to the said defendant." In pursuance of such employment, the following letter was written:

"Referring to easement for right-of-way applied for by Mr. James Campbell across certain lands owned by us in Section 21 and 22-32-13 West:

"We will grant the easement under the following conditions:

"(1) Same shall be sixty feet.

"(2) We be furnished with center line description and blueprints in triplicate on this railroad where it crosses our land.

"(3) Easement will continue so long as right-of-way is used for hauling logs.

"(4) Mr. Campbell will haul our logs from lands owned by us in Sections 21 and 22 and boom same and give us the privilege of using so much of the booming grounds as is necessary for rafting, or in the event that it would not be convenient for Mr. Campbell to haul and boom out the logs as above mentioned lands, that we have the right to do so and pay a reasonable cost for the use of the railroad, equipment and booming facilities.

"(5) That Mr. Campbell will pay taxes on right of way his railroad, etc.

"(6) Mr. Campbell is to pay us stumpage on logs cut on the right of way on basis of $3.50 per M for fir, cedar and spruce, and $1.50 per M for hemlock and mixed woods.

"I think all the above is in line with my talk with you, and if above is agreeable, we will prepare necessary papers granting the easement."

■ This letter was written on December 8, 1926. The question then is, Is an easement such as was here contemplated, real estate within the terms of the statute? We think the question has been answered in *Myers v. Arthur,* 135 Wash. 583, 238 Pac. 899, where this court said:

"In this state, while the statute with reference to conveyances, § 10550, Rem. Comp. Stat. (P. C. § 1909), provides, 'All conveyances of real estate or any interest therein, . . . shall be by deed,' the statute applicable to the present case says only 'real estate' and does not include the words 'interest in real estate.'

And, as stated in *American Savings Bank & Trust Co. v. Mafridge,* 60 Wash. 180, an assignment of a lease for a term of years was not required to be acknowledged, because we had no statute providing for it; so here, it cannot be held that an agreement employing an agent or broker to sell or purchase a lease of real property for a term of years must be in writing because we have no statute requiring it. The statute invoked by the appellant relates to no kind of property other than real estate.''

If the purchase or sale of a leasehold regardless of its term of years is not a sale of real estate, then certainly the purchase or sale of an easement which, by its terms, is limited ''to continue so long as the right of way is used for hauling logs,'' is not a sale of real estate, and is nothing but a chattel real and is personal property.

█ The evidence in this case clearly shows that Mr. Sanderson was authorized to execute the instrument above quoted and that thereafter proper conveyances were tendered by the land company and respondent was the procuring cause. He had done all that he could do and all that he was employed to do. Respondent was a licensed broker during the year 1926 and, as was stated by the lower court, ''The plaintiff performed all that he had to perform within the year that his license as a realtor was in force.''

Judgment affirmed.

MAIN, MILLARD, PARKER, and BEALS, JJ., concur.

ON REHEARING.

[*En Banc.* February 6, 1930.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the opinion heretofore filed herein. Judgment affirmed.