[No. 9542.    Department Two.    January 3, 1912.]

HARVARD INVESTMENT COMPANY, *Appellant*, v. LORETTA SMITH *et al.*, *Respondents.*[1]

LANDLORD AND TENANT—RENT—LIABILITY OF ASSIGNEE AFTER RE-. ASSIGNMENT.    The assignee of a lease, under an unqualified consent by the lessor, may reassign the lease for the purpose of ridding herself of liability to the lessor for rent accruing thereafter, although she had agreed with the original lessee on accepting the assignment to perform all the covenants and obligations in the lease.

SAME.    Where the landlord gave an unqualified consent to the assignment of a lease, the assignee is liable for rent only during occupancy, and upon reassigning the lease, there is no consideration for a reservation whereby the landlord consented to the reassignment on condition that the first assignee should remain bound for the rent; and hence all subsequent assignees are liable for rent only during occupancy.

[1]Reported in 119 Pac. 864.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 14, 1911, upon findings in favor of the defendants, in an action for rent, after a trial on the merits before the court without a jury.   Affirmed.

*Byers & Byers*, for appellant.

*Emerson H. Carrico* and *Pierre P. Ferry*, for respondents.

CHADWICK, J.—The main point in this case is whether the respondents are bound by the terms of a written lease made by the appellant to one Mary A. O'Reilly.   The original lease was made for a term beginning October 1, 1907, and ending September 30, 1910.   By it, O'Reilly became bounden to pay the full sum of $16,150, payable, after the first month's rental of $400, at the rate of $450 per month.   It was further covenanted and agreed that O'Reilly would not assign the lease, or any interest therein or any part thereof, without the written assent of the appellant, or its "agents, had ·and obtained thereto."   On May 16, 1908, O'Reilly, with appellant's consent, assigned all of her interest in the .lease to respondent Belond, who signed the following: "I hereby accept the above assignment and agree to all the conditions of the within lease and promise to perform all its covenants and obligations."   An absolute consent without reservation was given to this assignment.   In February, 1909, Belond assigned to respondent Loretta Smith, a married woman.   Smith and her husband signed an acceptance in the same form.   On the same sheet of paper which is attached to the lease, we find the following consent:

"Consent is hereby given to the assignment of interest of Elizabeth Belond in the within lease to Wm. J. Smith and Loretta Smith, but it is expressly understood that said Elizabeth M. Belond is not released from any of the covenants of said lease, but remains bound as if this assignment and contract had never been executed, and neither this consent nor the receipt of rent from said assignee shall be construed as a release.   [Signed] Dexter Horton & Co., Assignee, by West & Wheeler, Agent."

Thereafter, by like assignment, acceptance, and consent, Mrs. Smith assigned to one Jarnigan. Jarnigan went into possession, but remained only a few days when, to protect their own interest, the Smiths re-entered and held possession until May 10, 1910, when their interest was assigned to M. P. Blum. This assignment was never formally accepted by Blum, nor was written consent given by the owner, although Blum went into possession and so remained for a period of two days when, on account of differences with the Smiths culminating in litigation, he threw up his possession. No rent has been paid since May 10, 1910, and this action is brought upon the covenants of acceptance and consent, to recover from Belond and Smith the rent for the remainder of the month of May and rent due June 1, 1910.

We think there can be no question as to the correctness of the judgment in favor of Belond. The assignment to her, as well as the consent of the owner, was absolute. She could not be thereafter bound to pay rent for the full term by a contract less formal than that which bound her assignor. *Tibbals v. Iffland*, 10 Wash. 451, 39 Pac. 102, is decisive, and for the reasons therein stated, the judgment as to Belond is affirmed.

It will be noticed that the consent to the assignment to Mrs. Smith is in the same form. The reservation in the consent that Mrs. Belond is not released from the covenants and conditions of the lease would not enlarge her undertaking or be held binding beyond the term of her occupancy; unless she had consented thereto. Of this there is no evidence. So the same rule of law would relieve the Smiths from the payment of rent under the lease after their assignment to Jarnigan.

It is unnecessary to notice the further contention of respondents Smith that the reentry after Jarnigan's abandonment without assignment or consent was independent of the lease, and made them tenants from month to month. It is enough that they are liable under the terms of their contract

only for the time the property was occupied by them, and are relieved of the obligation to pay rent by assigning the lease with consent of the owner without express agreement to be further bound. Under all authority, the assignment of the lease terminates the privity of estate existing between the assignor and the grantor, and the privity is transferred to the assignee. And on principle it should be so. The owner has it in his power to control the tenancy. If he desires to hold the original lessee or any assignee, he may do so by withholding his consent, or consenting to a sublease; or, in the event of an assignment, make his consent conditional, so that in the event of a reassignment the one taking possession will be bound to pay rent for the full term. The possession would then furnish a consideration for the promise. But when the intent to hold the assignor is manifested in a consent to an assignment to a new party at the time the assignor is going out, there is no consideration to support a promise to sustain the reservation.

This conclusion makes it unnecessary to discuss the other propositions advanced by respondents to sustain the judgment of the lower court. Judgment affirmed.

Dunbar, C. J., Morris, Ellis, and Crow, JJ., concur.