[No. 19208. Department Two. September 3, 1925.]

O. P. CRAVENS *et al.*, *Respondents*, v. MINNIE MAY CRAVENS, *Appellant*.[1]

APPEAL (454)—REVIEW—ADMISSION OF EVIDENCE—FACTS OTHER-WISE ESTABLISHED. Error in the admission of testimony in a case tried to the court is harmless, where there was other sufficient evidence to establish the fact.

LANDLORD AND TENANT (10)—LEASES—ACKNOWLEDGMENT—ASSIGN-MENT OF LEASE. An assignment of a lease is valid without an acknowledgment.

SAME (10-2)— RECORDS (3)— LEASES — NECESSITY OF RECORDING. The recording of a lease is not essential to its validity, as between the parties or their personal representatives (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered June 28, 1924, upon findings in favor of the plaintiffs, in an action to recover an interest in real property, tried to the court. Affirmed.

*A. H. Wiseman* and *Lee C. Delle,* for appellant.

*Geo. F. McAulay,* for respondents.

MITCHELL, J.—On and prior to March 5, 1918, S. L. Cravens held in his own name the title to a leasehold interest in certain real property and a building thereon which was not a part of the realty, situated in Yakima county. By a written instrument of that date, he "granted, bargained, sold, assigned, transferred and set over to" his brother, O. P. Cravens, an undivided one-half interest in and to the leasehold and the building. S. L. Cravens died on May 11, 1920, leaving a non-intervention will by which he gave all his property to his wife, Minnie May Cravens, other than one dollar to each of his children. The will was duly

[1]Reported in 238 Pac. 901.

proven and admitted to probate and the children were paid their legacies prior to the commencement of this action. Thereafter Minnie May Cravens entered into an executory contract for the sale of the leasehold and building to Jones Brothers & Company. By a written agreement between O. P. Cravens and his wife and Minnie May Cravens, Jones Brothers & Company paid into the registry of the superior court $2,830.21 of the purchase price of the property to abide the result of an action by O. P. Cravens and wife to establish their rights under the bill of sale made to them by S. L. Cravens, the validity of which was disputed by Minnie May Cravens. Thereupon this action was brought. It resulted in findings in favor of the plaintiffs and a judgment in their favor in the sum of $2,500, with interest from July 1, 1922. The defendant, Minnie May Cravens, has appealed.

First, it is claimed that the court erred in admitting the testimony of the respondents as to the genuineness of the signature of S. L. Cravens to, and the testimony of respondent O. P. Cravens as to his receiving, the bill of sale made by S. L. Cravens. It is contended that Rem. Comp. Stat. § 1211 [P. C. § 7722], disqualifies them to so testify. Considering the precaution given to the witnesses prior to their giving the testimony objected to and the guarded terms of the questions and answers, it is exceedingly doubtful but that the evidence was admissible. But it need not be decided. The case was tried to the court without a jury, and ignoring altogether the testimony of the respondents objected to, testimony of other witnesses, qualified to testify and wholly disinterested, leaves no doubt that the bill of sale was signed by S. L. Cravens and delivered by him to O. P. Cravens, who at the trial delivered it out of his possession as evidence in the case.

Because the instrument made and delivered by S. L. Cravens to O. P. Cravens is styled or designated at the top as an "assignment of interest in lease," and because in the granting clause of the instrument the word "assigned," among others, is used, the contention is made that the instrument is ineffective because it was not acknowledged. But if, under the applicable rule of law, the instrument was an assignment of a lease, it is valid without an acknowledgment. This question has been lately discussed by us in the case of *Myers v. Arthur,* 135 Wash. 583, 238 Pac. 899, reaffirming the cases of *Tibbals v. Iffland,* 10 Wash. 451, 39 Pac. 102, and *American Sav. Bank & Trust Co. v. Mafridge,* 60 Wash. 180, 110 Pac. 1015.

The fact that the instrument was not recorded, discussed in the brief on behalf of the appellant, is unimportant, this controversy being, in legal effect, between the parties to the instrument, since the appellant, as devisee under the will, stands in the place of S. L. Cravens, the maker of the instrument. Nor is there any estoppel in the case. None is either pleaded or proven. Other assignments relate only to the weight of the evidence, which, upon due consideration, we think clearly justified the findings and judgment entered.

Affirmed.

TOLMAN, C. J., MACKINTOSH, and HOLCOMB, JJ., concur.

FULLERTON, J. (dissenting)—I dissent. In my opinion, there was no competent evidence proving the alleged bill of sale.