[No. 40565.    En Banc.    May 20, 1970.]

CLARK-KUNZL COMPANY, INC., *Respondent*, v. M. J. R. WILLIAMS *et al.*, *Appellants*.

CLARK'S RESTAURANT ENTERPRISES, INC., *et al.*, *Respondents*, v. M. J. R. WILLIAMS *et al.*, *Appellants*.*

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellants.

*Hoover, Lind & Parkhurst,* by *Fred N. Hoover,* for respondents.

HILL, J.†—This is an appeal from a judgment enjoining the sale by the Treasurer of King County under a warrant

*Reported in 469 P.2d 874.

†Justice Hill is serving as a justice pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

of distraint of personal property belonging to four different corporations, operating eight restaurants in King County. These corporations had refused to pay certain "additional personal property taxes" levied against them which they contend are illegal and void.

Walter F. Clark is the key figure in each restaurant operation, and we shall refer to the four plaintiffs and respondents as the Clark corporations.

Each of the eight restaurants is operated by one of the Clark corporations on leased premises, each lease being for a 10-year period, and usually with certain renewal rights.

In two locations the Clark corporations are sublessees, the lessor being a long-term lessee of state owned land.[1]

We would make clear at the outset that the traditional restaurant personal property (the removables) of the eight restaurants had been taxed for 1961 and the taxes paid. The taxes which the county is restrained from collecting are what it terms "additional personal property taxes". These were assessed against the four Clark corporations, covering all eight restaurants, for the year 1961 after the King County taxing authorities had been advised of an audit of the books of the Clark corporations by the State Tax Commission, which revealed that about $375,000 had been invested during 1961 in improvements, additions and alterations to the eight restaurant properties leased by the Clark corporations. These expenditures varied from a high of $107,197.43 to a low of $13,771.98 with two being in the $65,000 to $70,000 range. On the basis of these expenditures (which included architects' fees) additional personal property taxes were assessed on the leasehold improvements in each of the eight restaurants.

The trial court accepted the theory of the Clark corporations that, since the improvements resulting from the expenditures disclosed by the audit could not be readily moved out and were attached to the floors and the walls, they must be part of the real property and should be taxed

---

[1] A 10-acre tract in the heart of downtown Seattle, belonging to the University of Washington. For early history see *Metropolitan Bldg. Co. v. King County*, 62 Wash. 409, 113 P. 1114 (1911).

as such and not as personal property. The trial court, therefore, permanently enjoined King County, its agents or officials, "from taking possession of, offering to sell or selling" any personal property of the Clark corporations "in satisfaction or payment of" the challenged taxes, referring to them as "unlawful, illegal, null and void assessments and tax levies".

While we affirm the trial court in granting an injunction, we do not agree that the reasons therefor can be expressed so simply and summarily. The importance of the issues presented warrants a more detailed consideration of the county's position.

As we understand the argument of the county, it does not resist the argument that the improvements are real property, but apparently argues that the value of the possession and use of the improvements reflects the taxable value of the leasehold,[2] and as such is taxable against the Clark corporations as additional personal property not previously reported. The county further urges that the value of the possession of the improvements is at least the cost of the improvements, and therefore the cost of the improvements may be used as a measure of the value of the leaseholds.

The county's position finds no support in the laws of this state relative to the taxation of real and personal property. To clarify some existing confusion, compounded by the arguments of the county in this case, it becomes necessary to review to some extent the historical development of our property tax laws relating to leaseholds on both privately owned and publicly owned land.

■ First, as to the six restaurants located on privately owned land, the county is mistaken in its assumption that RCW 84.04.080 provides authority for assessing and taxing these leaseholds separately from the fee interests. RCW 84.04.080 reads in part:

---

[2] This court has heretofore held that the taxable value of taxable leaseholds is something less than the price they would bring at a fair, voluntary sale for cash. Our previous position has been reconsidered and there is a full discussion of this point in *Pier 67, Inc. v. King County*, 78 Wn.2d 48, 469 P.2d 902 (1970).

> "Personal property" for the purposes of taxation, shall be held and construed to embrace and include . . . all leases of real property and leasehold interests therein for a term less than the life of the holder . . .

The history of the above quoted portion of this section reveals that it was intended only to make possible the collection of taxes on leasehold interests in publicly owned, tax-exempt, land. Very early this court determined that real property taxes are in rem and that the only means of collecting them is by a lien against the land taxed. *Williams v. Pittock,* 35 Wash. 271, 77 P. 385 (1904).

In *Moeller v. Gormley,* 44 Wash. 465, 87 P. 507 (1906)[3] this court held that a lease of state owned land represented a taxable interest, but also held that such an interest was real property, and that the King County official who had assessed it as personal property could be enjoined from collecting personal property taxes so assessed. The difficulty of collecting real property taxes on leaseholds when the state or other governmental body owned the fee was readily apparent, and the legislature quickly responded by enacting chapter 108 of the session Laws of 1907, which provided in section 1 thereof:

> For the purposes of assessment and taxation all leases of real property and leasehold interests therein for a term less than the life of the holder, shall be and the same are hereby declared to be personal property.

This was the forerunner of our present statute, RCW 84.04.080, and it is clear that leases were defined as personal property for purposes of taxation, so that the leasehold interest might be taxed, and the tax collected, where the land leased was exempt. Shortly after this legislative amendment, this court reiterated the rule that normally as to leases between private parties the entire estate is to be assessed and taxed as a unit, and that the tax burden was a contractual matter between the lessor and the lessee. *Trim-*

---

[3]This was an action to restrain King County from collecting personal property taxes on leasehold interests in state owned tidelands. This court held that the leasehold was real property, and that the trial court had properly overruled a demurrer to the plaintiff's complaint.

*ble v. Seattle,* 64 Wash. 102, 116 P. 647 (1911). This rule was expressly affirmed by the United States Supreme Court in *Trimble v. Seattle,* 231 U.S. 683, 58 L. Ed. 435, 34 S. Ct. 218 (1914).

We have recently had occasion to again say in no uncertain terms that a lease is not to be assessed separately in determining the value of a parcel of real property for purposes of taxation. *Alaska Land Co. v. King County,* 77 Wn.2d 247, 254, 461 P.2d 339 (1969).

We there said:

> We hold, therefore, that the tax assessor is required by the statutes to assess each parcel of real property with the improvements erected thereon, on the basis of its market value, without deduction for indebtedness; and that where the land is leased, it is not his duty to apportion the taxes between the lessor and the lessee.

We also quoted in that opinion the United States Supreme Court in *Trimble v. Seattle, supra,* at 252:

> In ordinary cases the whole property is taxed and which party shall bear the burden is not a matter of public concern.

It is clear then that as to the six restaurants located on privately owned land, the county's attempt to identify the cost of the improvements as determining the taxable value of the leaseholds and to assess this value separately from the fee interest is contrary to the general plan of our property tax statutes. The value, if any, of the improvements to the buildings[4] should have been reflected in the assessments of the fee interests.

We now turn to a consideration of the two restaurants located in buildings on state owned land. The lessee of the land in each instance is University Properties, Inc.

Ad valorem property taxes are primarily in rem in character. The tax is imposed against the property itself, not against the owners of the various interests in the land.

---

'We would emphasize the "if any", since it is readily apparent that improvements which might be of considerable value to a tenant, using the premises for a particular purpose, would add nothing to the value of the building.

When the fee interest is privately owned, a single tax is imposed on the entire estate. When title to the fee interest is owned by the state, and therefore tax exempt and indefeasible by tax lien, the taxable possessory interest must be taxed separately. The imposition of the tax on the possessory interest is effected by making the lessee personally obligated to pay the tax. This statutory framework, however, does not intend to create the very complicated fragmentization which would arise if each of a myriad of subleases under a long-term lease of highly developed state owned land were to be separately assessed and taxed as a possessory interest. The unit assessment rule requires that a lease of state land must be assessed and taxed on the value of the primary leasehold as a unit. The county's attempt to assess the value of the sublease on the basis of the cost of the improvements and to assess this value separately from the value of the primary lease is not contemplated in our taxing structure.

■ We would point out, and this in itself should be dispositive of this particular case, that even if the leaseholds of the Clark corporations are presumed to be "taxable leasehold estates" King County has made no effort to establish the value of such possessory interests according to the statutory mandate in RCW 84.40.030:

> Taxable leasehold estates[5] shall be valued at such price as they would bring at a fair, voluntary sale for cash.

Even if the leaseholds in this case were taxable entities, they could not be valued on the basis of the cost of the improvements, but must be valued at such price as they would bring at a fair, voluntary sale for cash[6] as required by statute.

While it was not argued in this case, the county might

---

[5]This language clearly contemplates leasehold estates which are not taxable as separate entities.

[6]Those factors which may appropriately be considered by the county in determining the price which would be received at a fair, voluntary sale for cash are discussed in *Pier 67, Inc. v. King County,* 78 Wn.2d 48, 469 P.2d 902 (1970).

have contended that RCW 84.04.080 grants the assessor the alternative of taxing directly the improvements made on the two restaurants located on state owned land instead of attempting to tax the value of these leaseholds as measured by the cost of the improvements. We again quote RCW 84.04.080 with the addition to which we have just referred.

> "Personal property" for the purposes of taxation, shall be held and construed to embrace and include . . . all leases of real property and leasehold interests therein for a term less than the life of the holder; [and] all improvements upon lands the fee of which is still vested in the United States, or in the state of Washington; . . .

The history of the property tax statutes demonstrates that the legislature did not intend to grant the assessor the alternative of taxing the improvements on the leasehold rather than the leasehold itself. A thorough discussion of this point is found in *Pier 67, Inc. v. King County*, 78 Wn.2d 48, 469 P.2d 902 (1970).

There is one further issue that must be discussed in this case. The county argues that the injunction sought by the Clark corporations was barred by the statute of limitations, RCW 84.68.060. The statute reads:

> No action instituted pursuant to this chapter or otherwise to recover any tax levied or assessed shall be commenced after the 30th day of the next succeeding June following the year in which said tax became payable.

The county contends that this statute is intended to bar all tax actions instituted after the expiration of the period fixed by the statute. The Clark corporations urge that this does not apply to actions brought to enjoin the collection of illegal and void taxes.

The statute of limitations is an affirmative defense and since the county did not affirmatively plead it, it is considered as having been waived. *Boyle v. Clark*, 47 Wn.2d 418, 287 P.2d 1006 (1955). Since the affirmative defense has been waived, it is unnecessary to consider whether the statute would apply to an application for an injunction.

For the reasons herein stated, the judgment entered by the trial court is affirmed.

HUNTER, C. J., FINLEY, WEAVER, ROSELLINI, HAMILTON, HALE, NEILL, and STAFFORD, JJ., concur.