FILED
COURT OF APPEALS
DIVISION II

2013 JUL 23 AM 9: 13

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GRAYS HARBOR ENERGY, LLC | No. 42558-1-II |
| Appellant, | |
| v. | |
| GRAYS HARBOR COUNTY, | PUBLISHED OPINION |
| Respondent. | |

WORSWICK, C.J. — Grays Harbor Energy, LLC (GHE) seeks interlocutory review of a
trial court ruling that its power generation equipment was subject to the personal property tax.
GHE argues that the tax did not apply because WAC 458-12-342(1) exempts personal property
from taxation during a period of "new construction." We affirm.

## FACTS

GHE owns a 22-acre property in Grays Harbor County. For as long as GHE has owned
it, the property has contained buildings and power generation equipment such as gas-fired
turbines.

GHE purchased the property in 2005 from Duke Energy North America, LLC. Duke had
begun to construct a gas power plant on the property, but it halted construction in 2002 with the

No. 42558-1-II

power plant 56 percent complete. GHE restarted construction in 2007, and the power plant became fully operational in 2008.

This is the second time this case comes before us. In *Grays Harbor Energy, LLC v. Grays Harbor County*, 151 Wn. App. 550, 554-55, 213 P.3d 609 (2009), *review denied*, 168 Wn.2d 1014 (2010) (*Grays Harbor Energy* I), we held that RCW 84.12.280 requires the County to assess GHE's power generation equipment as personal property and not real property.

On remand, GHE filed a motion for summary judgment, seeking a refund of $3,210,806 it had paid as personal property taxes over a four-year period before the power plant became fully operational.[1] GHE argued that its unfinished power plant qualified as "new construction" under WAC 458-19-005(2)(p). GHE further argued that its power generation equipment was not subject to the personal property tax because WAC 458-12-342(1)—which we will call "the new construction rule"—allows counties to assess and tax new construction *as real property only*. The trial court denied GHE's motion after ruling that, as a matter of law, the new construction rule does not apply to GHE's power generation equipment.[2]

The trial court also certified that the proper interpretation of the new construction rule presented a controlling question of law as to which there is a substantial ground for a difference

---

[1] After we decided *Grays Harbor Energy* I, the trial court consolidated three actions: (1) GHE's claim for a refund of taxes paid in tax years 2005 and 2006, (2) GHE's administrative appeal from a Board of Tax Appeals decision upholding the County's assessments applicable in tax years 2006 and 2007, and (3) GHE's additional claim for a refund of taxes paid in tax years 2007 and 2008. Thus, in the consolidated case, GHE seeks a refund for taxes paid in tax years 2005 through 2008.

[2] The trial court also ruled that a factual dispute regarding the value of a building on GHE's property precluded summary judgment. The parties agreed, however, that the value of the power generation equipment dwarfs the value of the land and building.

of opinion and that immediate review would advance the termination of the litigation. *See* RAP 2.3(b)(4). GHE sought, and our commissioner granted, discretionary review of this question.[3] Ruling Granting Discretionary Review, *Grays Harbor Energy, LLC v. Grays Harbor County*, No. 42558-1-II, at 1 (Wash. Ct. App. Nov. 10, 2011).

## ANALYSIS

GHE argues that, as a matter of law, the new construction rule exempted its power generation equipment from taxation while its power plant was in "new construction" status. We hold that a plain meaning analysis clearly shows that the new construction rule does not operate to exempt GHE's equipment from taxation.

A.    *Tax Exemption*

As an initial matter, the County correctly asserts that GHE mischaracterizes its own argument when GHE insists that it "is *not* seeking a tax exemption for its personal property." Reply Br. of Appellant at 1. Distinguishing taxation from assessment, GHE asks us to declare that the new construction rule precludes a county assessor from *assessing* personal property during a period of new construction.[4] But county assessors must annually assess all real and

---

[3] The Department of Revenue filed an amicus brief opposing GHE's argument.

[4] GHE appears to make inconsistent assertions about which of its properties qualified as new construction. GHE first asserts that the new construction was its unfinished power plant—that is, the land and buildings, excluding the power generation equipment. Later, GHE asserts that the power generation equipment itself was also new construction. Here, only the unfinished power plant could qualify as new construction. By definition, new construction must be an improvement "for which a building permit was issued, or should have been issued." RCW 36.21.080 (cited in WAC 458-12-342). But, as GHE points out, the undisputed evidence in the record shows that "[t]he power generation equipment . . . was exempt from the building permit requirements." Clerk's Papers at 368.

personal property that is subject to taxation. RCW 84.40.020. Thus, precluding the County from assessing GHE's property would effectively prevent the County from taxing it.

In reality, GHE seeks a property tax exemption. Even though a party contends that it has challenged the applicability of a tax, we may recognize the party's argument as effectively asserting a tax exemption. *TracFone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 296-97, 242 P.3d 810 (2010). Here, RCW 84.36.005 provides that *all* property is subject to assessment, unless it is "exempted from taxation." By logical deduction, if a property is not subject to assessment, then it must be exempt from taxation. *See* RCW 84.36.005. To preclude the assessment of a property and to exempt it from taxation are the same thing. Therefore we recognize that GHE effectively asserts a tax exemption. *See TracFone*, 170 Wn.2d at 296-97.

B.    *Standard of Review*

Our review of a trial court's denial of summary judgment is de novo, and we engage in the same inquiry as the trial court. *Macias v. Saberhagen Holdings, Inc.*, 175 Wn.2d 402, 407, 282 P.3d 1069 (2012). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[5] *Macias*, 175 Wn.2d at 408 (quoting CR 56(c)). The interpretation of a regulation is a question of law reviewed de novo. *Skinner v. Civil Serv. Comm'n*, 168 Wn.2d 845, 849, 232 P.3d 558 (2010).

C.    *Interpretation of the New Construction Rule*

When interpreting a regulation, we follow the same rules we use to interpret a statute. *Tesoro Ref. & Mktg. Co. v. Dep't of Revenue*, 164 Wn.2d 310, 322, 190 P.3d 28 (2008). If a

---

[5] Although the trial court found a genuine issue of material fact regarding the value of a building on GHE's property, there are no disputed factual issues related to the question accepted for review: whether the property tax applies to GHE's power generation equipment.

regulation has a plain meaning, we give the plain meaning effect. *Mader v. Health Care Auth.*, 149 Wn.2d 458, 473, 70 P.3d 931 (2003). Each word in a regulation receives its common and ordinary meaning, unless the word is ambiguous or defined in the regulation. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). We apply the rules of statutory construction only if a regulation is ambiguous. *Overlake Hosp. Ass'n v. Dep't of Health*, 170 Wn.2d 43, 52, 239 P.3d 1095 (2010).

Because "'taxation is the rule and exemption is the exception,'" a tax applies unless the legislature has expressed clear intent to provide an exemption. *TracFone*, 170 Wn.2d at 296-97 (quoting *Columbia Irrig. Dist. v. Benton County*, 149 Wash. 234, 240, 270 P. 813 (1928)). A taxpayer bears the burden of establishing a tax exemption, and we must construe tax exemptions narrowly.[6] *Bowie v. Dep't of Revenue*, 171 Wn.2d 1, 14, 248 P.3d 504 (2011).

To ascertain a regulation's plain meaning, we look to the ordinary meaning of its text. *TracFone*, 170 Wn.2d at 281. We also consider the context in which the regulation appears, related regulations and statutes, and the statutory scheme of which the regulation is a part. *TracFone*, 170 Wn.2d at 281. A regulation must be interpreted in a manner that gives effect to all its language, without rendering any part superfluous. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

---

[6] Citing *Mac Amusement Co. v. Dep't of Revenue*, 95 Wn.2d 963, 966, 633 P.2d 68 (1981), GHE argues that RCW 84.40.020 contains an ambiguous phrase and must be construed against the taxing power. This argument fails. A statute is ambiguous if it has two or more reasonable interpretations, but a statute is not ambiguous merely because two or more interpretations are conceivable. *Flight Options, LLC v. Dep't of Revenue*, 172 Wn.2d 487, 500, 259 P.3d 234 (2011). Here, GHE fails to show how the phrase "subject to taxation" in RCW 84.40.020 could have two or more reasonable interpretations. Moreover, the cited rule of construction applies only to a statute that imposes a tax. *Mac Amusement*, 95 Wn.2d at 966. But RCW 84.40.020 imposes no tax; instead, the statute requires annual assessments of a property's value.

GHE argues that, because the new construction rule refers only to real property, it impliedly exempts GHE's personal property—that is, the power generation equipment—from taxation. The County argues to the contrary and further contends that a tax exemption can be created only by a legislative act, not by a regulation. We agree with the County and hold that the new construction rule's plain meaning does not exempt the power generation equipment from taxation.

1. *Ordinary Meaning of the Text*

The ordinary meaning of the new construction rule's text does not create a tax exemption. The new construction rule provides, in relevant part:

> New construction covered under the provisions of RCW 36.21.070 and 36.21.080, and defined in WAC 458-19-005(2)(p), shall be assessed at its true and fair value as of July 31st each year regardless of its percentage of completion. . . . New construction as used in this section refers only to real property, as defined in RCW 84.04.090 and further defined in WAC 458-12-010, . . . for which a building permit was issued or should have been issued pursuant to chapter 19.27, 19.27A, or 19.28 RCW or other laws providing for building permits.

WAC 458-12-342(1).[7] By its plain meaning, the new construction rule tells county assessors *when* to assess new construction (on July 31 of each year) and *how* to assess it (at its true and fair value, regardless of its percentage of completion).

GHE contends that the new construction rule, by "clear and unambiguous" implication, precludes the assessment and taxation of personal property during a period of new construction. Br. of Appellant at 12-13. This contention is contrary to the ordinary meaning of the text in the new construction rule. Because it states that "[n]ew construction as used in this section refers

---

[7] The Department of Revenue amended WAC 458-12-342 to correct errata in two citations. Wash. St. Reg. 13-12-050 (July 1, 2013). The amendments do not affect our analysis.

only to real property," the new construction rule clearly does not apply to personal property. WAC 458-12-342(1). Thus the ordinary meaning of the text in the new construction rule does not impliedly exempt personal property from taxation during a period of new construction.[8]

Moreover, GHE's argument fails because a tax exemption cannot be implied. GHE admits that it interprets the rule to *imply* "that new construction that is classified as personal property is not subject to assessment and taxation." Br. of Appellant at 13 (emphasis omitted). But only clear language that "'plainly and unmistakably'" intends a tax exemption is sufficient to create an exemption. *Belas v. Kiga*, 135 Wn.2d 913, 934, 959 P.2d 1037 (1998) (quoting 16 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 44.67, at 254 (3d rev. ed. 1994)). The ordinary meaning of the new construction rule's text does not disclose a plain and unmistakable intent to create a tax exemption.

2. *The Statutory Scheme and the New Construction Rule's Context*

To ascertain the plain meaning of a regulation, we may also look to the statutory scheme that includes the regulation and the context in which the regulation appears. *TracFone*, 170 Wn.2d at 281. We cannot reconcile GHE's interpretation with the statutory scheme governing property tax exemptions or with the context in which the new construction rule appears.

First, our examination of the statutory scheme reveals that GHE's argument "does great violence to the obvious intent of the relevant taxing statutes." *Alaska Land Co. v. King County*, 77 Wn.2d 247, 250, 461 P.2d 339 (1969). Our Constitution vests the legislature with the power

---

[8] Citing *Satterlee v. Dep't of Soc. & Health Servs.*, 131 Wn. App. 97, 105, 121 P.3d 1003 (2006), GHE contends that this interpretation is erroneous because it effectively renders the reference to real property superfluous. GHE is incorrect because, as shown above, the reference clarifies the narrow scope of the new construction rule.

to exempt property from taxation. WASH. CONST. art. VII, § 1; *see Libby, McNeill & Libby v. Ivarson*, 19 Wn.2d 723, 730, 144 P.2d 258 (1943). The legislature has guarded this power by enacting a general rule: all property is subject to assessment and taxation, except property that "'is exempted from taxation by law.'" *Alaska Land*, 77 Wn.2d at 250 (quoting RCW 84.36.005); *accord* WAC 458-16-100(2)(f) ("Property shall be exempt from taxation only when the legislature has created an exemption by clear and explicit language."). In this statutory scheme, an agency regulation such as the new construction rule cannot create an exemption from the real property tax.

Second, GHE's interpretation ignores the context in which the new construction rule appears. The new construction rule implements a statute, RCW 36.21.080, that sets a special date for the assessment of real property during a period of new construction. *Fifteen-O-One Fourth Ave. Ltd. P'ship v. Dep't of Revenue*, 49 Wn. App. 300, 301, 742 P.2d 747 (1987).[9] It does not implement a statute creating a tax exemption. Considered in its context, the new construction rule clearly was never intended to exempt personal property from taxation.

The plain meaning of the new construction rule does not exempt personal property from taxation during a period of new construction. Therefore GHE's power generation equipment is subject to the personal property tax. RCW 84.36.005. Because the new construction rule has a

---

[9] The value of new construction is assessed as of July 31, rather than January 1 of each year. *Fifteen-O-One*, 49 Wn. App. at 301.

No. 42558-1-II

plain meaning, we give the plain meaning effect[10] and do not consider GHE's other arguments.[11] *See Mader*, 149 Wn.2d at 473. Accordingly, we hold that GHE is not entitled to judgment as a matter of law and therefore summary judgment is not appropriate. *See Macias*, 175 Wn.2d at 408.

Affirmed.

_____
Worswick, C.J.

We concur:

_____
Penoyar, J.

_____
Bjorgen, J.

---

[10] In support of its interpretation, GHE also cites two rules of statutory construction: (1) the principle of deference to an agency's interpretation of its own ambiguous regulation and (2) the rule that ambiguous statutes imposing taxes must be construed in favor of the taxpayer. However, we use rules of statutory construction only to interpret language that is ambiguous. *Overlake*, 170 Wn.2d at 52. GHE consistently argues that the new construction rule is *unambiguous*, and we agree. Therefore we do not consider GHE's statutory construction arguments.

[11] Lastly, GHE argues that its interpretation supports a desirable policy of exempting the power generation equipment from taxation during a period when it was not operational and therefore had little or no value. But this argument fails to address the issue on review: whether the new construction rule exempts GHE's equipment from the personal property tax. Therefore we do not consider it.