
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

ISLAND COUNTY, a political
subdivision of the State of Washington,

Respondent,

v.

COSMIC LIGHT CREATIONS;
COSMIC LIGHT CREATIONS c/o
OLGA NADA TEPES, also known of
record as NADA OLGA TEPES; THE
DIRECTORS OF COSMIC LIGHT
CREATIONS, AN INACTIVE
CORPORATION, AS TRUSTEE FOR
THE SHAREHOLDERS; OLGA NADA
TEPES, also known of record as
NADA OLGA TEPES,

Appellant,

ADMIRAL'S COVE BEACH CLUB;
ADMIRAL'S COVE WATER DISTRICT;
ELLEN L. BACHMAN; BON AIR
COMMNITY CLUB, INC.; JEAN BOND;
BUENA VISTA COMMUNITY CLUB;
ALLEN JOSEPH CALDWELL;
DEBORAH T. CAMPBELL; JAMES J.
CAMPBELL; CAPITAL ONE BANK
(USA), N.A. c/o SUTTELL AND
HAMMER, P.S.; CITIFINANCIAL, INC.;
CLINTON WATER DISTRICT; DEER
LAKE HAVEN HOMEOWNERS
ASSOCIATION c/o WHIDBEY WATER
SERVICES; HEIRS AND DEVISEES
OF HELEN C. DIANICH; HEIRS AND
DEVISEES OF JOHN DIANICH;

DIVISION ONE

No. 74942-1-I

UNPUBLISHED OPINION

No. 74942-1-I/2

ALAN S. DONALDSON and MYRA A. )
DONALDSON; EQUITY TRUST )
COMPANY FBO SCOTT STRODEL )
IRA; BRETT FENSTERMAKER, )
ADMINISTRATOR OF THE ESTATE )
OF WILLIAM H. REYNOLDS; )
FINANCIAL ASSISTANCE, INC. c/o )
JASON WOEHLER; KIMBERLY )
FREDERICK; ROBERT A. )
FREDERICK; LAWRENCE R. )
GABELEIN, also know of record as )
LARRY R. GABELEIN and LARRY )
GABELEIN; LARRY R. GABELEIN and )
JANE DOE GABELEIN; HEIRS AND )
DEVISEES OF LILLIAN K. GABELEIN, )
who also appears of record as LILIJEN )
GABELEIN; ARTIST GELBERT; GOSS )
LAKE PARK COMMUNITY CLUB; )
MYTRON O. GRIMM and MARY L. )
GRIMM; HEIRS AND DEVISEES OF )
JACK R. HALE; JACKLYN C. HALE; )
HARBOR SANDS BEACH )
ASSOCIATION; HARRIS CUSTER )
ESTATES WATER ASSOCIATION; )
RICHARD H. HINKSON; TRACY W. )
HINKSON; HORIZON BANK c/o )
WASHINGTON FEDERAL BANK; )
HUDGINS ENTERPRISES I, LLC; )
INTERNAL REVENUE SERVICE; )
RICHARD TERRY JACOBSON; )
RICHARD TERRY JACOBSON, )
TRUSTEE OF THE TERRY JACOBSON)
TRUST; CHARLES L. JONES; )
JUNIPER BEACH CO-OP WATER )
ASSOCIATION; JUNIPER BEACH )
COMMUNITY ASSOCIATION; )
JUNIPER BEACH WATER DISTRICT; )
SALLY KOSH-HEAGREN OR )
SUCCESSOR TRUSTEE OF THE LP )
TRUST DATED JULY 28, 2006; )
UNKNOWN  SUCCESSOR TRUSTEE )
OF THE LP TRUST DATED )
JULY 28, 2006; BARBARA S. )
KUHNER, TRUSTEE FOR THE )
BARBARA S. KUHNER TRUST; )
LAGOON POINT COMMUNITY )

2

ASSOCIATION; LAGOON POINT                 )
WATER DISTRICT; JONATHAN H.               )
LEAVITT and RANDI LEAVITT;                )
LONG POINT MANOR WATER                    )
COMPANY; BRIAN LOPRIORE;                  )
LOST LAKE PROPERTY OWNERS                 )
ASSOCIATION; MARILYN MAIN;                )
NICHOLAS P. MALTA and RUTH                )
MALTA; NICHOLAS P. MALTA                  )
c/o WANDA MALTA; HECTOR                   )
MCARTHUR AND LEDA MCARTHUR;               )
ESTATE OF DENNIS MENTZOS;                 )
HEIRS OF DENNIS MENTZOS;                  )
MICHELLE MENTZOS; UNKNOWN                 )
HEIRS AND CREDITORS IN THE                )
ESTATE OF DENNIS MENTZOS;                 )
MIDWAY TRADERS VILLAGE                    )
CONDOMINIUM ASSOCIATION;                  )
MEMBERS OF THE MIDWAY                     )
TRADER'S VILLAGE LLC; MEMBERS             )
OF THE MIDWAY TRADER'S VILLAGE            )
LLC, FORMERLY KNOWN AS                    )
SEATREE PROPERTIES LLC; MUTINY            )
VIEW MANOR COMMUNITY CLUB,                )
INC.; GORDON NELSON and VIVIAN            )
E. NELSON; NEW UTSALADY WATER             )
SYSTEM; CITY OF OAK HARBOR;               )
PATRICK B. O'NEILL; DONALD P.             )
OSBORNE; O-ZI YA COMMUNITY                )
CLUB; LAURA PARKS and TOM                 )
PARKS (TOM PARKS also known of            )
record as TOMMY PARKS);                   )
PARKSIDE WATER ASSOCIATION;               )
ANN MARIE PEMBER; POINELL                 )
SHORES HOMEOWNERS                         )
ASSOCIATION; PORTFOLIO                    )
RECOVERY ASSOCIATES, LLC c/o              )
MACHOL & JOHANNES, LLC;                   )
PREFERRED INVESTMENTS, INC.;              )
UNKNOWN SHAREHOLDERS OF                   )
PREFERRED INVESTMENTS, INC.;              )
PREFERRED INVESTMENTS, INC.,              )
c/o KIRSTI J. JENSEN;                     )
PTERODACTLY ENTERPRISES, c/o              )
DEANE MINOR, ATTORNEY; HEIRS              )
AND DEVISEES OF PATSY L.                  )

3

No. 74942-1-I/4

REYNOLDS; HEIRS AND DEVISEES )
OF WILLIAM J. REYNOLDS; ALICE G. )
RICE; ROLLING HILLS-GLENCAIRN )
COMMUNITY SERVICES, INC.; )
WILLIAM C. ROWLANDS; MICHAEL )
SANDERSON; DANNY JOE SANTA; )
SARATOGA BEACH OWNERS )
ASSOCIATION; JOANNE M. SAYSON; )
SEATREE PROPERTIES, LLC; )
SIERRA COUNTRY CLUB c/o KING )
WATER; SKAGIT COUNTY BAIL )
BONDS; STATE OF WASHINGTON )
DEPARTMENT OF SOCIAL AND )
HEALTH SERVICES; DENNIS B. )
TREUT; VISTAIRE WATER SYSTEM; )
WASHINGTON STATE EMPLOYEES )
RETIREMENT BOARD; WASHINGTON )
TRUST BANK; WEST BEACH OFF- )
SITE DRAIN FIELD SYSTEM; )
WHIDBEY WEST WATER )
ASSOCIATION; ELIZABETH J. )
WILLIAMS; JUDITH WINTER; JUDITH )
WINTER, UNKNOWN SPOUSE IF )
MARRIED ON DECEMBER 31, 1990; )
GENEVA WOODRUFF; SHELLEY LYN )
WRIGHT; and also all other persons or )
parties unknown claiming any right, )
title, or ownership interest or lien in or )
to the real property described in the )
notice of Application for Judgment )
Foreclosing Tax Liens and Summons, )
)
          Defendants. )    FILED: November 13, 2017
)

DWYER, J. – Acting pro se, Olga Nada Tepes appeals a judgment and order of sale foreclosing on a tax lien on real property located in Island County. Although Tepes' arguments are difficult to follow in the manner she presents them, it is reasonably clear that she contends that the property foreclosed upon was exempt from taxation. She also appears to claim that the statutes

4

No. 74942-1-I/5

authorizing the assessment and collection of property taxes are unconstitutionally vague and challenges the trial court's jurisdiction. We affirm.

I

In August 2015, Island County initiated a property tax lien foreclosure proceeding. The proceeding involved numerous parcels of property, including real property designated as "Item No. 46" in a certificate of delinquency filed by the Island County Treasurer. The certificate of delinquency listed both the appellant, Olga Nada Tepes,[1] and an entity, Cosmic Light Creations, as the property owners and lien or interest holders. The certificate of delinquency identified approximately $4,400 in unpaid property taxes assessed in 2012, interest, and costs.[2] The County notified Tepes of the foreclosure action by publication and by certified mail.

In September 2015, Tepes filed several documents in apparent response to the County's complaint. These documents included a "Declaration of Denial of Due Process by Olga Nada Tepes" and an "Affidavit of Status of Olga Nada Tepes: Private Citizen of the United States: American Inhabitant." Tepes asserted a variety of confusing and often internally inconsistent arguments as to why the property tax provisions set forth in Title 84 RCW did not apply to her or to the property identified as Item No. 46.

---

[1] The appellant has identified herself using various names and titles throughout this litigation. A copy in the record of the appellant's Certificate of Naturalization identifies her as "Nada Olga Tepes." We refer to the appellant as "Olga Nada Tepes," the name she has most commonly used in the course of this litigation.

[2] Although property taxes were also delinquent for 2013 and 2014, the certificate of delinquency included only delinquent amounts for 2012.

5

On November 9, 2015, the court entered a default judgment against all property owners, including Tepes, who were listed in the certificate of delinquency and failed to exercise their right of redemption. After a summary proceeding hearing under RCW 84.64.080(1) on November 16, the court entered findings and a separate judgment and order of sale.

Just before the scheduled sale date of December 8, 2015, Tepes filed additional documents, including a "Notice of Constitutional Challenge to Statute," and a "Memorandum in law on Property Tax." Around the same time, Tepes informed the County that she was not notified of the November 16 hearing. The County also became aware that notice of that hearing was not sent to the address where Tepes received the original pleadings by certified mail. The County terminated the sale of the property.

The County renoted a hearing and sent notice to Tepes at all addresses known to the County. A second summary proceeding hearing took place on January 20, 2016. Tepes filed a document a few days before the hearing, but did not appear. On the date of the hearing, the court received and filed a faxed document from Tepes which purported to explain her absence from court. The documents included hospital discharge notes, indicating that Tepes was admitted to the hospital on January 11, 2016, and instructing her to take medication "as needed" and to schedule a follow up appointment with a surgeon within two weeks. In a handwritten note, Tepes stated that she was unable to attend any court proceedings "[d]ue to surgery and medications."

The court entered amended findings and conclusions and an amended order and judgment of sale. Among other things, the court found that the property designated as Item No. 46 was subject to taxation, that property taxes were properly assessed, and that as of August 2015 when the County issued the certificate of delinquency, the 2012 property taxes had not been paid.

The court entered conclusions of law, including the following:

1. That this Court has jurisdiction in this matter and the Notice and Summons was served or notice was given in a manner reasonably calculated to inform the owner or owners and any person having a recorded interest in or lien of record upon the property of the foreclosure action.

2. Although an appearance was filed by Olga Nada on September 11, 2015, and more filings were received by the Court on December 2 and December 7, 2015, and on January 13, 2016, no Answer was ever filed and nothing in the pleadings filed presents a valid defense against the relief sought by Island County for unpaid delinquent property taxes owed.

After entry of these orders, Tepes filed more documents, including a "Notice to Vacate." Following a hearing, the court denied the motion on numerous grounds. Specifically, the court concluded that Tepes was properly notified of the January 2016 hearing and that "[t]he assessment of real property and collection of real property taxes in Washington state are authorized under Title 84 RCW and supported by Article VII, Section I of the Washington State Constitution." The court further concluded that Tepes had not paid her delinquent property taxes nor "raised any valid defenses to the Court to justify the non-payment of such taxes." The court gave Tepes a final opportunity to avoid foreclosure by paying the delinquent amounts to the Island County Treasurer

7

and, if she failed to do so, allowed the County to proceed with the sale of the property. Tepes appeals.

II

As an initial matter, according to Tepes' opening brief and documents filed below, the property at issue was purchased, not by Tepes, but by "Cosmic Light Creations," a "private religious corporation sole" to provide housing for the minister. "Washington law, with limited exception, requires individuals appearing before the court on behalf of another party to be licensed in the practice of law." Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., 91 Wn. App. 697, 701, 958 P.2d 1035 (1998); RCW 2.48.170. "Because corporations are artificial entities that can only act through their agents," our courts apply the general common law rule, recognized by courts in other jurisdictions, including all federal courts, that "corporations appearing in court proceedings must be represented by an attorney." Lloyd, 91 Wn. App. at 701.

The rule applies equally to organizations established as corporations sole under chapter 24.12 RCW. Under RCW 24.12.010, corporations sole possess the "rights and powers prescribed in the case of corporations aggregate." The rights and powers of corporations aggregate do not include a right to pro se representation. See RCW 23B.03.020 (general powers of corporations).

Only individuals possess a personal right of self-representation. A person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n, 91 Wn.2d 48, 56, 586 P.2d 870 (1978). But a layperson's right of

self-representation applies "only if the layperson is acting solely *on his own behalf*" with respect to his own legal rights and obligations. Bar Ass'n, 91 Wn.2d at 57. To the extent that Tepes, a non-attorney, purports to represent the interests of a corporation sole in this litigation, she is not authorized to do so. A request by the County to strike Tepes' pleadings below would have been well-founded under CR 11 because a pleading signed by a party not authorized to do so is, in effect, unsigned. Lloyd, 91 Wn. App. at 701-02. Likewise, had the County requested that this court strike the appellant's briefing on the same basis, we would have granted the request. Lest there be any confusion, our acceptance of Tepes' briefing in this appeal does not indicate that her authority extends beyond representing her own individual interests on appeal.

## III

As another preliminary matter, we note that Tepes bears the burden of complying with the procedural rules on appeal. Failure to do so may preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). Pro se litigants are held to the same standards of compliance as attorneys. State Farm Mut. Auto Ins. Co. v. Avery, 114 Wn. App. 299, 310, 57 P.3d 300 (2002). Tepes' briefing falls well below the standards articulated in RAP 10.3.

Despite Tepes' challenges to the County's authority to impose taxes and the court's jurisdiction, she fails to assign error to any of the court's written findings and conclusions pertaining to these issues. Unchallenged findings are verities on appeal. Zunino v. Rajewski, 140 Wn. App. 215, 220, 165 P.3d 57

(2007). Tepes' statement of the case does not set forth the procedural and factual background, provides few helpful citations to the record, and the content is indistinguishable from her argument. RAP 10.3(a)(5). The argument portion of her brief is primarily comprised of lengthy quotations from legal authorities in other jurisdictions. She fails to explain the relevance of the cited authorities, does not devote specific argument to her assignments of error, or mention the standard of review applicable to any of her claims. RAP 10.3(a)(6). Despite these serious deficiencies, to the extent possible, we have considered the merits of Tepes' claims.

IV

Tepes contends that the County lacked authority to assess property taxes because Cosmic Light Creations is a "private religious corporation sole." In effect, Tepes claims entitlement to a tax exemption. See Grays Harbor Energy, LLC v. Grays Harbor County, 175 Wn. App. 578, 583, 307 P.3d 754 (2013).

But, as noted, the court specifically found that the "property described in the Certificate of Delinquency listed as Item No. 46 was subject to taxation at the time it was assessed and was assessed as required by law." Even overlooking the failure to challenge this dispositive finding, this claim is without merit

Under RCW 84.36.005, all property in Washington is subject to assessment and taxation based upon valuation unless it is "exempted." Property tax exemption is governed by statutes and regulations set forth in chapter 84.36 RCW and chapter 458-16 WAC. Statutes exempting property from taxation are strictly construed, and parties seeking an exemption bear the burden of proving

that all statutory requirements have been met. Adult Student Hous., Inc. v. Dep't of Revenue, 41 Wn. App. 583, 587-88, 705 P.2d 793 (1985).

As the County points out, the evidence in the record establishes that neither Tepes nor any other party applied for a property tax exemption for the property described as Item No. 46 under RCW 84.36.020 (providing exemptions under certain circumstances for churches, cemeteries, parsonages, and portions of their grounds) or RCW 84.36.032 (exemptions for administration offices of nonprofit religious organizations). If Tepes had applied for such an exemption and her application had been denied, she would have been entitled to pursue an administrative appeal. WAC 458-16-120. Tepes thus failed to exhaust her available administrative remedy. See Wright v. Woodard, 83 Wn.2d 378, 381-82, 518 P.2d 718 (1974) (where party seeking relief had an adequate available administrative remedy, but failed to pursue it, courts should not intervene).

In any event, no evidence in the record indicates that a property tax exemption would have been granted. Tepes relies on the status of Cosmic Light Creations as a corporation sole. But two separate and independent criteria must be met to qualify for exemption. "The property must be *owned* by a qualifying organization, and it must be *used* for a qualifying purpose." Corp. of Catholic Archbishop of Seattle v. Johnston, 89 Wn.2d 505, 509, 573 P.2d 793 (1978).

Tepes' repeated reference to and reliance on 1933 New Deal legislation that removed United States currency from the gold standard is also unavailing. H.J. Res. 192, 73d Cong., 48 Stat. 112-13 (1933); see also United States v. Lee, 427 F.3d 881, 888 (11th Cir. 2005) (discussing resolution); Holyoke Water Power

11

Co. v. Am. Writing Paper Co., 300 U.S. 324, 337 n.*, 57 S. Ct. 485, 81 L. Ed. 678 (1937) (reproducing resolution in full). In cases throughout the country, litigants seeking to avoid debt repayment have asserted a variety of theories, such as the "vapor money" theory and the "redemption" theory, that rely on alleged consequences flowing from the suspension of the gold standard. See McLaughlin v. CitiMortgage, Inc., 726 F.Supp.2d 201, 209-13 (D. Conn. 2010) (discussing theories and collecting cases). Although not entirely clear, Tepes appears to advance a version of these claims, arguing that the lack of a gold standard makes repayment impossible and therefore the United States Treasury Department must assume her debt.[3] While favored by proponents of the gold standard, courts have repeatedly rejected these arguments since 1935. See e.g., Norman v. Baltimore & O.R. Co., 294 U.S. 240, 303-07, 55 S. Ct. 407, 79 L. Ed. 885 (1935); Holyoke Water Power Co., 300 U.S. at 340-41; Rene v. Citibank NA, 32 F. Supp.2d 539, 544 (E.D.N.Y.1999); McLaughlin, 726 F.Supp.2d at 214 (theories related to the suspension of the gold standard have been "universally and emphatically rejected by numerous federal courts for at least the last 25 years").

Tepes' citation to federal tax code provision 26 U.S.C. §501(c)(3) is also unhelpful because even assuming exemption from federal income taxation as a religious organization, such exemption does not implicate the taxation of Washington property.

---

[3] For instance, Tepes maintains that her tax debt was satisfied by a "Private Issue" check for approximately $15,500 that she presented to the County. The purported instrument includes a "Tracking Number" but is not drawn from any bank and purports to instruct the United States Treasury to pay the Island County Treasurer.

In sum, Tepes fails to establish that the property was exempt from taxation.

V

Tepes also claims that the provisions governing tax lien foreclosure in Title 84 RCW are unconstitutionally vague and do not apply to her as a natural person. This argument is based on the definition of "person" under RCW 84.04.075 which provides that "'[p]erson' shall be construed to include firm, company, association or corporation."

Statutes are presumed to be constitutional. Pierce County v. State, 150 Wn.2d 422, 430, 78 P.3d 640 (2003). The party seeking to overcome that presumption carries the heavy burden of establishing unconstitutionality beyond a reasonable doubt. Pierce County, 150 Wn.2d at 430. "This burden of proof is in keeping with the fact that '[t]he Legislature possesses a plenary power in matters of taxation except as limited by the Constitution.'" State ex rel. Heavey v. Murphy, 138 Wn.2d 800, 808-09, 982 P.2d 611 (1999) (alteration in original) (quoting Belas v. Kiga, 135 Wn.2d 913, 919, 959 P.2d 1037 (1998)).

A vagueness challenge seeks to further two objectives: the need to define prohibited conduct with sufficient specificity to put citizens on notice, and the need to prevent the arbitrary and discriminatory enforcement of law. City of Tacoma v. Luvene, 118 Wn.2d 826, 844, 827 P.2d 1374 (1992); City of Seattle v. Webster, 115 Wn.2d 635, 642-43, 802 P.2d 1333 (1990). A statute is void for vagueness if persons of common intelligence must necessarily guess at its meaning and differ as to its applicability. City of Spokane v. Douglass, 115

13

Wn.2d 171, 178-79, 795 P.2d 693 (1990). The court must consider the context of the entire statute in order to determine a sensible, meaningful, and practical interpretation. Douglass, 115 Wn.2d at 180. The fact that a statute leaves some terms undefined does not mean the enactment is unconstitutionally vague. Douglass, 115 Wn.2d at 180.

Tepes urges us to apply expressio unius est exclusio alterius, a canon of construction which provides that when a statute specifically designates the things upon which it operates, there is an inference that the legislature intended all omissions. State v. LG Elec., Inc., 186 Wn.2d 1, 9, 375 P.3d 636 (2016). But courts need not resort to canons, where, as here, the statutory language is not ambiguous. O.S.T. v. Regence BlueShield, 181 Wn.2d 691, 700–01, 335 P.3d 416 (2014); Cockle v. Dep't of Labor & Indus., 142 Wn.2d 801, 808, 16 P.3d 583 (2001). And we avoid interpreting statutes in a manner that leads to absurd results. Forest Mktg. Enters. v. Dep't of Nat. Res., 125 Wn. App. 126, 132, 104 P.3d 40 (2005).

Tepes proposes a definition of person that includes *only* artificial business entities, but excludes natural persons, the commonly understood definition of person. This interpretation of the statute is unreasonable. See W. Telepage, Inc. v. City of Tacoma Dep't of Fin., 140 Wn.2d 599, 608, 998 P.2d 884 (2000) (statute is ambiguous only "if it can be *reasonably* interpreted in more than one way" and a reviewing court "[is] not obliged to discern an ambiguity by imagining a variety of alternative interpretations"); see also State v. Tili, 139 Wn.2d 107, 115, 985 P.2d 365 (1999) (statute is not ambiguous merely because different

interpretations are "conceivable"). It is also clear from numerous other provisions in Title 84 RCW that "person" encompasses individuals. See e.g., RCW 84.40.150; RCW 84.52.069; RCW 84.64.060(2); RCW 84.64.070(5). Tepes cannot satisfy the heavy burden to establish that any provisions of Title 84 RCW are unconstitutionally vague.

VI

Tepes challenges the trial court's jurisdiction to adjudicate this tax foreclosure matter. A tax foreclosure by a county is a proceeding in rem. In re King County for Foreclosure of Liens, 117 Wn.2d 77, 84-85, 811 P.2d 945 (1991); Kupka v. Reid, 50 Wn.2d 465, 467, 312 P.2d 1056 (1957). There are jurisdictional prerequisites to such an action. In re Foreclosure of Liens, 117 Wn.2d at 84-85. For instance, the county must comply with the statutory provisions prescribing the content and manner of notice. In re Foreclosure of Liens, 117 Wn.2d at 84. Other jurisdictional deficiencies include an inaccurate legal description, insufficient notice of the time to answer, and failure to give notice "'in compliance with the letter and spirit of statutory requirements.'" In re Foreclosure of Liens, 117 Wn.2d at 84 (quoting Pierce County v. Evans, 17 Wn. App. 201, 204, 563 P.2d 1263 (1977)).

Tepes does not challenge the court's specific written conclusion that it had jurisdiction over the proceeding. Nor does she challenge any of the court's findings that pertain to the County's compliance with the procedural and notice requirements of chapter 84.64 RCW. She does not allege that the certificate of

15

delinquency included an inaccurate legal description of the property. She fails to identify any fact that undermines the court's jurisdiction in the matter.

VII

Finally, in her notice of appeal, Tepes designates the order denying her motion to vacate. She also assigns error to the court's ruling. Nevertheless, she does not mention CR 60 in her briefing and makes no specific argument with respect to the court's ruling on the motion. We need not address the assignment of error. See Shelcon Constr. Grp., LLC v. Haymond, 187 Wn. App. 878, 889, 351 P.3d 895 (2015) (appellate court need not consider assignment of error if the appellant presents no argument).

Affirmed.

We concur.

Trickey, ACJ

Dwyer, J.

Cox, J.